OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant, the secretary to the complainant, was charged with one count of grand larceny in the second degree and multiple counts of forgery in the second degree for stealing money from the complainant, a legally blind managing partner of a major New York City law firm. Count one of the indictment stated that defendant "from in or about December 1981 through October 1989, stole property, to wit, money, in an amount in excess of $50,000, to wit, over $700,000.” Defendant was also accused, in counts 2 through 20, of forging the signature of the complainant on other checks, without his authorization, and cashing them for her own benefit. An audit of the financial records of the complainant revealed that the
 
 *675
 
 total discrepancies between his income and his bank deposits exceeded $700,000.
 

 Prior to the commencement of the jury trial, the People sought to introduce evidence of 146 additional checks that defendant had forged, made out for an amount greater than that requested by the complainant, or misappropriated, to establish defendant’s intent to commit the crimes charged. These checks were discovered after the indictment against defendant was filed but were forged, inflated or misappropriated by defendant during the period covered by the indictment. Defendant objected to the introduction of the uncharged checks to prove intent and stated she wished to submit a memorandum on the issue. No memorandum was submitted.
 

 The trial court permitted the People to introduce evidence of the additional checks, and defendant did not request limiting instructions regarding the admission of those checks. The court prohibited "any mere attempt to bring out that [the complainant or the law firm] has been made whole as a result of insurance coverage.”
 

 Defendant attempted to prove that the large sums of money she had amassed had been given to her by various members of her family, including her brother and sister. Defendant denied ever receiving any money from her mother and asserted that none of the money her siblings had given her could be traced back to her mother. The People argued that, given the salaries of defendant’s brother and sister, the only plausible source of any extra money that they had was their mother. On cross-examination, the People attempted to impeach defendant’s credibility by introducing evidence demonstrating that defendant’s mother had received public assistance or food stamps from 1979 until after her death in 1990 and, thus, could not have given large sums of money to defendant’s siblings.
 

 The jury convicted defendant of the grand larceny count and 18 counts of forgery in the second degree, and sentence was imposed. On June 19, 1991, Justice Rosenberger of the Appellate Division, First Department, stayed execution of the judgment of conviction pending an appeal to that Court. The Appellate Division affirmed the judgment of conviction, holding that (1) defendant’s claim that the indictment was duplicitous was unpreserved and would not be reviewed in the interest of justice, and (2) the evidence establishing that defendant’s mother received public assistance was properly admitted to refute defendant’s assertion that the money she
 
 *676
 
 had accumulated resulted from her mother’s wealth (186 AD2d 419). The Court also remitted the case to Supreme Court for further proceedings pursuant to CPL 460.50 (5)
 
 (id.).
 
 A Judge of this Court granted leave to appeal (80 NY2d 1025) and continued the stay of execution of Supreme Court’s judgment on the same terms as fixed below. We now affirm the order of the Appellate Division.
 

 Defendant’s contention that the trial court should have administered limiting instructions prior to the introduction of the additional 146 checks is unpreserved
 
 (see, People v Thomas,
 
 50 NY2d 467, 471), and her claim that the trial court constructively amended the indictment by permitting the jury to consider the evidence of the 146 additional checks as direct evidence of the larceny count is without merit.
 

 Here, the evidence of the 146 uncharged forged checks was offered to prove defendant’s intent to commit the specific crimes charged
 
 (see, People v Molineux,
 
 168 NY 264). The evidence did not amend or add to the charges in the indictment or submitted to the jury by the court, but rather served only as evidentiary support for the larceny count.
 

 Defendant’s contention that the trial court abused its discretion in precluding any attempt to introduce the evidence of insurance coverage, in order to demonstrate bias on the part of the complainant, is not preserved for appellate review
 
 (see, People v Thomas, supra).
 
 Defendant’s contention that the trial court erred in allowing the People to cross-examine her on the collateral issue of whether her mother had received public assistance is also unpreserved.
 

 We have examined defendant’s remaining contentions and conclude that they are without merit.
 

 Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur; Chief Judge Kaye taking no part.
 

 Order affirmed in a memorandum.