■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WONEY, Appellant. [614 NYS2d 500] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered April 8, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's claims of error in connection with the admission of the undercover officer's background testimony regarding general street level narcotics operations are unpreserved by appropriately specific objection (CPL 470.05; People v Fleming, 70 NY2d 947). Were we to review in the interest of justice, we would find no basis for modification of the judgment. The undercover officer, who had sufficient experience to qualify as an expert, was asked to give testimony based upon his experience, and his brief and limited testimony was admissible to explain why the police did not recover either addi-

tional drugs or prerecorded buy money from defendant *(see, People v Gonzalez,* 180 AD2d 553, *lv denied* 79 NY2d 1001).

This case is to be distinguished from *People v Kelsey* (194 AD2d 248), which recognized error in permitting statistical evidence concerning practices of drug dealing in New York.

Defendant made initial reference to an unrelated arrest and physical evidence recovered in connection therewith in his opening statement to suggest that the police mistakenly arrested defendant, offered no objection to any of the subject testimony, specifically declined to object to the admission of the physical evidence recovered in connection with the unrelated arrest, and urged the jury in summation to consider evidence of another person at the scene who was found in possession of drugs and currency, while no drugs or currency were recovered from defendant. While we decline to review the unpreserved issue, we note that in the circumstances herein the testimony and physical evidence in question were properly admitted as relevant to the issue raised by defendant of mistaken arrest *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.