◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO ARCHIBALD, Also Known as ROBERTO ANDERSON, Appellant. [621 NYS2d 51] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered November 4, 1992, nunc pro tunc as of May 1, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and, upon his pleas of guilty, of criminal possession of a controlled substance in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 7¼ to 14½ years, 7¼ to 14½ years, 7¼ to 14½ years, and 2 to 4 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). The issue of credibility was properly placed before the jury, and we see no reason to disturb its findings. Uncharged contemporaneous sales were properly admitted to prove possession with intent to sell, notwithstanding the presence of other evidence bearing on intent *(People v Alvino,* 71 NY2d 233, 245). While it would

have been preferable for the court to have given a limiting instruction, as requested, immediately after receiving the uncharged crimes evidence, and to have included, as requested, specific language prohibiting the jury from considering criminal propensity *(People v Williams,* 50 NY2d 996, 998), the court's final charge, read as a whole, conveyed the appropriate standard *(People v Canty,* 60 NY2d 830, 831-832).

Defendant's challenge to certain language in the court's identification charge is unpreserved and without merit.

Defendant's claim that he was denied his right to be present at unrecorded portions of the *Sandoval* proceeding is unreviewable for lack of an adequate record *(People v Walker,* 202 AD2d 312, *lv denied* 83 NY2d 972). "Since the jury was not in the courtroom, it would be entirely speculative to conclude that the sidebar was conducted in a hushed dialogue out of defendant's hearing." *(People v Gonzalez,* 203 AD2d 192, *lv denied* 84 NY2d 826.)

We perceive no abuse of discretion in the sentencing court's determination not to have the sentences imposed herein run concurrently with that imposed in an unrelated Kings County matter. Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.