■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ALEXANDER, Appellant. [626 NYS2d 90] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered September 21, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Evidence of three uncharged apparent narcotic transactions which took place immediately prior to the undercover's drug buy of $15 worth of cocaine was properly admitted to enable the People to prove the criminal possession with intent to sell count as charged in the indictment, and was also properly admitted as part of the factual background which allowed the officers to explain why the defendant was initially targeted as a drug seller *(People v Grant,* 181 AD2d 579; *People v Marte,* 207 AD2d 314). We also note that the trial court gave the jury an instruction on the limited use of this testimony prior to deliberation.

It was proper for the court to allow the officer to testify that prerecorded buy money is found in the seller's possession in most instances of arrests for drug sales *(People v Tevaha,* 204 AD2d 92, *affd* 84 NY2d 879). Said testimony was elicited by the prosecutor only after the defense raised the issue of the absence of buy money in this case and the substance of that testimony was favorable to the defense here *(see, People v Woney,* 205 AD2d 480, *lv denied* 84 NY2d 835). Finally, we note that the sentence imposed was not excessive under the circumstances. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.