■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE PRESSLEY, Appellant. [628 NYS2d 682] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered October 28, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^{1}/_2$ to 9 years, unanimously affirmed.

Defendant was not entitled to an adverse inference charge concerning allegedly lost or destroyed Rosario material, having established no more than a mere possibility that such material, consisting of police notes, ever existed in the first place (People v Damaceno, 214 AD2d 464). As to defendant's claim that uncharged sales were improperly admitted, we would find that these contemporaneous sales were admissible to prove identity (vis-à-vis opportunity to observe), to complete the narrative, and to explain why the police targeted defendant (People v Alexander, 215 AD2d 116), and that, unlike drug sales in cases where drug selling is not even charged (e.g., People v Jackson, 174 AD2d 552), or uncharged drug sales that are not contemporaneous with drug selling that is charged, carried relatively little suggestion of general criminal propensity. We find that defendant waived his right to a limiting instruction concerning the uncharged sales. The court never refused defense counsel's initial request for such an instruction, but instead urged reconsideration of the request, which the court considered unwise as drawing undue attention to the uncharged sales. Since defense counsel's response to the court's recommendation was equivocal at best, defendant's failure to except to the court's charge indicates, under all the circumstances, abandonment of the request (see, People v Whalen, 59 NY2d 273, 280). Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Williams, JJ.