■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GLEN, Appellant. [654 NYS2d 306] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 6, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

The trial court properly granted the People's application to close the courtroom during the testimony of the undercover officer, based on the officer's testimony at the *Hinton* hearing that he was then actually engaged in ongoing undercover narcotics operations in the specific area of the instant transaction, from which the courthouse was readily accessible; that he expected to return to the specific area once or twice a week throughout the coming year; that he had engaged in a similar transaction the week prior, at the exact location of the instant transaction; and that he feared for his safety and for the integrity of ongoing undercover operations in the area of the instant transaction, as well as other areas from which the courthouse was readily accessible, if his identity as an undercover officer, which he took pains to conceal, were revealed in open court. This evidence satisfied the standard articulated in *People v Martinez* (82 NY2d 436), which is the standard applicable to this case (*see, People v Lugo*, 233 AD2d 197, 198).

Since defendant did not request a specific limiting instruction regarding evidence of defendant's prior conviction for attempted criminal sale of a controlled substance in the third

degree, and did not except to the jury charge as given, his current claim of error is unpreserved (*People v Bayne*, 82 NY2d 673, 676). In any event, the totality of the trial court's instructions to the jury, including those regarding consideration of such evidence in connection with the agency defense conveyed the appropriate legal principles (*see, People v Williams*, 50 NY2d 996, 998-999; *People v Calvano*, 30 NY2d 199, 203, 205).

Having failed to request a no inference instruction, defendant's claim that the trial court erred in failing to give such instruction is unpreserved and we decline to review it in the interest of justice. Concur—Milonas, J. P., Rosenberger, Wallach and Nardelli, JJ.