THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD TAYLOR, Appellant. [769 NYS2d 797]—

Appeal from a judgment of Erie County Court (McCarthy, J.), entered June 22, 2001, convicting defendant after a nonjury trial of attempted burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). County Court sentenced defendant as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years.

Viewing the evidence in the light most favorable to the People, we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence at trial establishes that, upon responding to an alarm triggered by the opening of the door to room 237 in Cassidy Hall on the Buffalo State College campus, campus police officers discovered defendant alone, seated next to a computer, with an open duffel bag on the floor next to him. Defendant told the officers that he came to the room to meet two friends who he claimed were students and/or employees of the college. The officers searched defendant and found two keys of the type used in Cassidy Hall, both of which fit into the lock of the door to room 237, but neither of which would turn the lock. Defendant offered no plausible explanation for being in the room.

Defendant contends that the evidence is legally insufficient to support the burglary conviction because it fails to establish that he intended to steal anything when he entered room 237. The People, however, presented evidence establishing that defendant had been convicted of attempted burglary in the third degree in 1985, for entering a building at Buffalo State College and stealing a purse, and two counts of criminal possession of stolen property in the fifth degree in 1992, for stealing property from a number of offices in Upton Hall on the Buffalo State College campus. The jury could infer from that *Molineux* evidence that defendant possessed the requisite intent to commit a crime

when he unlawfully entered room 237 (*see People v Molineux,* 168 NY 264, 293-294 [1901]). Thus, the evidence is legally sufficient to support defendant's conviction. We further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley,* 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the court erred in allowing the People to introduce *Molineux* evidence (*see* CPL 470.05 [2]). In any event, that contention is without merit. The court properly concluded that evidence of defendant's prior convictions was relevant to the issue of defendant's intent to commit burglary and that, under the circumstances, its probative value outweighed its potential for prejudice (*see Molineux,* 168 NY at 291-294; *see also People v Ventimiglia,* 52 NY2d 350, 359 [1981]).

We further conclude that defendant received effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). Defense counsel's failure to object to the People's application to offer several of defendant's prior convictions as *Molineux* evidence was a tactical decision (*see generally People v Henry,* 95 NY2d 563, 565-566 [2000]), and does not rise to the level of ineffective assistance. Moreover, defendant was not denied his right to make a "fundamental decision[ ]" (*People v Petrovich,* 87 NY2d 961, 963 [1996]) when the court considered a lesser included offense charge after discussing the issue with defense counsel and the prosecutor, without input from defendant. Defendant's sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Gorski, JJ.