■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BROWN, Appellant. [771 NYS2d 640]—

Judgment, Supreme Court, New York County (Laura Drager, J.), rendered February 6, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly admitted testimony that the undercover officer observed defendant and his codefendant engage in a transaction with another buyer immediately prior to the charged sale. This testimony completed the narrative of events leading up to defendant's arrest, explained why defendant was targeted by the police, and tended to prove that defendant acted in concert in the charged crime (see e.g. People v Carter, 77 NY2d 95, 107 [1990], cert denied 499 US 967 [1991]; People v Rosello,

298 AD2d 212 [2002], *lv denied* 99 NY2d 585 [2003]; *People v Alexander*, 215 AD2d 116 [1995], *lv denied* 86 NY2d 840 [1995]). Moreover, this testimony was clearly probative of possession with intent to sell, and "the People were not required to rest on the inferences flowing from the charged sale" (*People v Mendoza*, 245 AD2d 177 [1997], *lv denied* 91 NY2d 975 [1998], citing *People v Alvino*, 71 NY2d 233, 245 [1987]). Furthermore, the evidence carried little suggestion of criminal propensity (*People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]).

While it would have been preferable for the court to have delivered a limiting instruction immediately after receiving the uncharged crimes evidence, and to have included specific language prohibiting the jury from considering criminal propensity, the court's final charge was sufficient to prevent any prejudice (*see People v Archibald*, 211 AD2d 451 [1995], *lv denied* 85 NY2d 935 [1995]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Sullivan, Williams and Gonzalez, JJ.