The People of the State of New York, Respondent, v Odell Wilkens, Also Known as Odell Wilkins, Appellant. [778 NYS2d 252]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered January 23, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant's contention that County Court erred in charging the jury with respect to depraved indifference murder is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit (*see generally People v McNear*, 265 AD2d 810, 811 [1999], *lv denied* 94 NY2d 864 [1999]). Also unpreserved for our review is defendant's contention that the conviction of depraved indifference murder is not supported by legally sufficient evidence (*see People v Finger*, 95 NY2d 894 [2000]; *People v Gray*, 86

NY2d 10, 19 [1995]). That contention is without merit in any event, and the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). We reject defendant's contention that the evidence supports only a theory of intentional murder and not depraved indifference murder (*see e.g. People v Gonzalez,* 1 NY3d 464 [2004]). Although the evidence at trial could support the conclusion that defendant intended to kill the victim, it also could support the conclusion that, under circumstances evincing a depraved indifference to human life, defendant recklessly engaged in conduct that created a grave risk of death to another person (*see* Penal Law § 125.25 [2]). The evidence established that, after an argument with the victim over which team would play the next basketball game, defendant left the community center but returned 10 minutes later with a gun. Defendant testified that he brought the gun only to scare the victim, but the gun went off after an argument with the victim, resulting in the death of the victim. The jury could have found that defendant held the gun close to the victim and then pulled the trigger, thereby concluding that "this was an instantaneous, impulsive shooting—perhaps to disable or frighten [the victim], rather than to kill him" (*People v Sanchez,* 98 NY2d 373, 378 [2002]). As in *Sanchez,* defendant herein asked the court to charge manslaughter in the second degree as a lesser included offense, in effect conceding that there was a reasonable view of the evidence that defendant committed reckless homicide but not intentional murder (*see id.*).

The court did not err in allowing a witness to testify that, shortly before the shooting, he was with defendant while defendant was conversing with another man about purchasing a gun. That evidence was probative of defendant's intent to commit murder (*see generally People v Alvino,* 71 NY2d 233, 241-242 [1987]; *People v Taylor,* 2 AD3d 1306 [2003]) and, in addition, the testimony was necessary to complete the narrative of events leading up to the murder (*see People v Brown,* 4 AD3d 156 [2004]; *People v Shorter,* 305 AD2d 1070, 1071 [2003], *lv denied* 100 NY2d 566 [2003]; *People v Jobe,* 304 AD2d 773 [2003], *lv denied* 100 NY2d 595 [2003]). Defendant's further contention that the court erred in failing to give limiting instructions following that testimony is not preserved for our review (*see People v Bayne,* 82 NY2d 673, 676 [1993]).

Defendant was not denied a fair trial by prosecutorial misconduct on summation. The court issued curative instructions after objections by defendant and, in the absence of any further objection or request for a mistrial by defendant, "the

curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Morales*, 1 AD3d 530 [2003], *lv denied* 1 NY3d 599 [2004]; *People v Trembling*, 298 AD2d 890, 892 [2002], *lv denied* 99 NY2d 540 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.