■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY H. BRADLEY, Appellant. [788 NYS2d 767]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered June 24, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and sentencing him to a determinate term of imprisonment of seven years followed by three years of postrelease supervision. Defendant's contention based on the Confrontation Clause (US Const 6th Amend; NY Const, art I, § 6) is not preserved for our review (see People v Kello, 96 NY2d 740, 743-744 [2001]). In any event, the contention lacks merit, inasmuch as the declarant (here, the complainant) testified and was confronted and cross-examined by defendant (see Crawford v Washington, 541 US 36, 59 n 9 [2004]).

Supreme Court did not err in admitting the out-of-court declarations of the complainant as excited utterances (see People v Johnson, 1 NY3d 302, 306 [2003]; People v Vasquez, 88 NY2d 561, 579 [1996]; People v Brown, 70 NY2d 513, 518 [1987]; People v Edwards, 47 NY2d 493, 497 [1979]). With respect to defendant's challenge to the admission of certain recitals in the complainant's hospital records, we conclude that the fact of the rape was relevant to diagnosis and treatment (see People v Edwards, 261 AD2d 899, 900 [1999], lv denied 93 NY2d 1017 [1999]; People v Goode, 179 AD2d 676, 677 [1992], lv denied 79 NY2d 1001 [1992]; see generally Williams v Alexander, 309 NY 283, 287-288 [1955]). There is no merit to the contention that the court erroneously admitted secondary evidence of the complainant's identification of defendant (see generally People v Buie, 86 NY2d 501, 510 [1995]; People v Caserta, 19 NY2d 18, 21 [1966]; People v Trowbridge, 305 NY 471, 474-476 [1953]).

The court did not err in denying defendant's Batson motion (see Batson v Kentucky, 476 US 79 [1986]). The court properly determined that the prosecutor's explanations were race-neutral, in satisfaction of the People's burden, and not pretextual, as argued by defendant (see People v Harris, 1 AD3d 881, 882 [2003], lv denied 2 NY3d 740 [2004]; People v Welch, 298 AD2d 903 [2002], lv denied 99 NY2d 565 [2002]; see generally People v Smocum, 99 NY2d 418, 422-423 [2003]).

The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see People v Meagher*, 4 AD3d 828, 829 [2004], *lv denied* 3 NY3d 644 [2004]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant was not deprived of a fair trial by prosecutorial misconduct (*see People v Wilkens*, 8 AD3d 1074, 1075 [2004], *lv denied* 3 NY3d 683 [2004]; *People v West*, 4 AD3d 791, 792 [2004]). The sentence is not unduly harsh or severe. We have considered the remaining contentions of defendant, including the contention set forth in his pro se supplemental brief, and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.