THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON C. SWEENEY, Appellant. [788 NYS2d 775]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 28, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law § 160.10 [2] [a]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve his contention for our review, however, because his motion to dismiss was not " 'specifically directed' at the alleged error" advanced on appeal (*People v Gray*, 86 NY2d 10, 19 [1995]), nor in any event did defendant renew his motion at the close of all of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury's resolution of credibility issues is entitled to great deference (*see People v Britt*, 298 AD2d 984 [2002], *lv denied* 99 NY2d 556 [2002]), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that reversal is required based on prosecutorial misconduct. Defendant failed to preserve his contention for our review with respect to the majority of the alleged instances of misconduct (*see* CPL 470.05 [2]), and in any event reversal is not required based on the alleged misconduct (*see generally People v Galloway*, 54 NY2d 396, 401 [1981]). Although defendant preserved for our review his contention that the prosecutor engaged in misconduct by referring to defense counsel's summation as an "attempt to play on your emotions," defendant did not object further or request a mistrial following County Court's immediate curative instruction, and thus the curative instruction "must be deemed to have corrected [any] error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Wilkens*, 8 AD3d 1074, 1075-1076 [2004], *lv denied* 3 NY3d 683 [2004]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.