■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON FLORES, Appellant. [811 NYS2d 13]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered October 29, 1999, as amended March 16, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of a contemporaneous uncharged drug sale. In addition to being relevant to defendant's intent to sell (*see e.g. People v Mendoza*, 245 AD2d 177 [1997], *lv denied* 91 NY2d 975 [1998]), this evidence provided a complete narrative of the events leading to defendant's arrest, and its probative value outweighed any prejudicial effect (*see e.g. People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]). Contrary to defendant's contention, the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Williams, JJ.