■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. BRYANT, Appellant. [815 NYS2d 372]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered January 2, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal contempt in the first degree, assault in the third degree (two counts) and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and two counts of assault in the third degree (§ 120.00 [1]). Defendant failed to preserve for our review his contention that Supreme Court denied him his right to confront the witnesses against him by admitting in evidence the autopsy report and the statements made by the victim to a police officer on September 9, 2001 (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Bradley*, 15 AD3d 840, 841 [2005], *lv denied* 4 NY3d 851 [2005]; *see generally* US Const Sixth Amend; *Crawford v Washington*, 541 US 36, 68-69 [2004]). In any event, we conclude that defendant's contention lacks merit. The autopsy report, which was admitted in evidence as a business record, does not for the most part constitute testimonial evidence (*see People v Durio*, 7 Misc 3d 729, 734-736 [2005]; *State v Cutro*, 365 SC 366, 378, 618 SE2d 890, 896 [2005]; *State v Leonard*, 915 So 2d 829, 832-833 [La App 2005]; *Moreno Denoso v State*, 156 SW3d 166, 181-182 [Tex App 2005]; *Perkins v State*, 897 So 2d 457, 462-465 [Ala App 2004]; *see also State v Lackey*, 280 Kan 190, 207-215, 120 P3d 332, 348-352 [2005]; *cf. Smith v State*, 898 So 2d 907, 915-918 [Ala App 2004]; *see generally Crawford*, 541 US at 56). To the limited extent that the

autopsy report may be deemed to contain testimonial evidence, i.e., the opinions of the pathologist, we note that those opinions were not contested by defendant, who testified at trial and admitted causing the victim's death. We thus conclude that defendant's right of confrontation was not violated by the admission of the autopsy report generally and that, to the limited extent that there may have been any error, there was no possibility of prejudice to defendant (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

With respect to the victim's statements of September 9, 2001, we conclude that defendant's right of confrontation was not violated by the admission thereof. Those statements were made by the victim outside the context of any "structured police questioning" (*Crawford*, 541 US at 53 n 4), and thus those statements did not constitute testimonial evidence (*see People v Paul*, 25 AD3d 165, 169-170 [2005], *lv denied* 6 NY3d 752, 757 [2005]; *People v Bradley*, 22 AD3d 33, 42-43 [2005]). Contrary to defendant's further contention, the court properly determined that those statements were admissible under the excited utterance exception to the hearsay rule (*see People v Seymour*, 183 AD2d 35, 38-40 [1992], *lv denied* 81 NY2d 766 [1992]). The court properly determined that "at the time the utterance[s were] made [the victim] was in fact under the stress of excitement caused by an external event sufficient to still . . . her reflective faculties" (*People v Johnson*, 1 NY3d 302, 306 [2003]; *see People v Edwards*, 47 NY2d 493, 497 [1979]), including both the physical and emotional stress of the beating earlier administered by defendant and the stress of being confined in the house with defendant following the attack.

Finally, defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the conviction of assault in the third degree in connection with the incident occurring on November 19, 2001 (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Allen*, 1 AD3d 947, 948 [2003], *lv denied* 1 NY3d 594 [2004]). In any event, we conclude that the evidence is legally sufficient to establish that the victim sustained the requisite physical injury, thus supporting that conviction (*see People v Bowen*, 17 AD3d 1054, 1055-1056 [2005], *lv denied* 5 NY3d 759 [2005]; *People v Goico*, 306 AD2d 828, 828-829 [2003]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.