■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN D. VASSAR, Appellant. [816 NYS2d 260]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 25, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the second degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of one count each of rape in the first degree (Penal Law § 130.35 [4]) and endangering the welfare of a child (§ 260.10 [1]), and two counts of sexual abuse in the second degree (§ 130.60 [2]). Defendant failed to preserve for our review his contention that counts two and three of the indictment were multiplicitous (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that County Court's *Allen* charge was coercive inasmuch as he did not raise a specific objection to the charge on that ground (*see People v McRae*, 266 AD2d 241 [1999], *lv denied* 94 NY2d 923 [2000]; *People v Ramkisson*, 245 AD2d 393 [1997], *lv denied* 91 NY2d 976 [1998]). In any event, we conclude that the charge as a whole was not coercive (*see People v Ford*, 78 NY2d 878 [1991]). Similarly, defendant failed to preserve for our review his contentions that the court violated CPL 310.10 (2) and 270.40 (*see People v Morton*, 23 AD3d 411 [2005], *lv denied* 6 NY3d 756 [2005]; *People v Adams*, 266 AD2d 831 [1999], *lv denied* 94 NY2d 876 [2000]) and that he was denied a fair trial based on prosecutorial misconduct during the prosecutor's cross-examination of him and during the prosecutor's summation (*see People v Osuna*, 65 NY2d 822 [1985]; *People v Dawkins*, 203 AD2d 957 [1994], *lv denied* 84 NY2d 824 [1994]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant that he was deprived of effective assistance of counsel. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [object at various points during the trial, and thus] it will be presumed that [defense] counsel acted in a competent manner and exercised professional judgment in [failing to object]" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see generally People v Taylor*, 1 NY3d 174, 177 [2003]). The record establishes that defense counsel presented a coher-

ent defense consistent with the claim of defendant that he did not have sexual intercourse with the victim, and we conclude that he provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because his motion to dismiss was not specifically directed at the ground advanced on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Sweeney*, 15 AD3d 917 [2005], *lv denied* 4 NY3d 891 [2005]). In any event, the evidence is legally sufficient to support the conviction and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe. "The mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the plea bargain does not render his sentence [unduly harsh or severe]" (*People v Bradley* [appeal No. 1], 184 AD2d 1041, 1041 [1992], *lv denied* 80 NY2d 927 [1992]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.