I concur as to Part I of the main opinion. As to Part II, in light of the fact that the United States Supreme Court inCrawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177 (2004), left "for another day any effort to spell out a comprehensive definition of `testimonial,'"541 U.S. at 68, 124 S.Ct. 1354, I cautiously agree that the admission of the certificate of analysis in this case, pursuant to Ala. Code 1975, § 12-21-300, would not have violated the Confrontation Clause.
In Crawford, the Court signaled that fact-based business records "by their nature were not testimonial."541 U.S. at 56, 124 S.Ct. 1354. Picking up on this "window of insight" into the Justices' thinking,[7] the Massachusetts Supreme Court, in Commonwealth v. Verde, 444 Mass. 279,282-84, 827 N.E.2d 701, 705-06 (2005), stated:
 "Although the Court [in Crawford] left `for another day any effort to spell out a comprehensive definition of "testimonial,"' it provided that the term `applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.' [Crawford v. Washington, *Page 618 541 U.S. 36] at 68, 124 S.Ct. 1354 [(2004)]. The Court noted that `[t]hese are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.' Id.
However, the Court also recognized that `[t]here were always exceptions to the general rule of exclusion' of hearsay evidence and that several were well established when the confrontation clause was enacted. Id. at 56, 124 S.Ct. 1354. Specifically, the Court suggested in dictum that a business or official record would not be subject to its holding as this exception was well established in 1791. Id.
 ". . . .
 "Certificates of chemical analysis are neither discretionary nor based on opinion; rather, they merely state the results of a well-recognized scientific test determining the composition and quantity of the substance. . . .
 "Furthermore, we do not believe that the admission of these certificates of analysis implicate `the principal evil at which the Confrontation Clause was directed . . . particularly its use of ex parte examinations as evidence against the accused.' Crawford, supra at 50, 124 S.Ct. 1354. The documentary evidence at issue here has very little kinship to the type of hearsay the confrontation clause intended to exclude, absent an opportunity for cross-examination. Id. at 51-53, 124 S.Ct. 1354. Rather, it is akin to a business or official record, which the Court stated was not testimonial in nature. Id. at 56, 124 S.Ct. 1354."
I find the rationale of the Massachusetts Supreme Court persuasive with respect to the interplay of certificates of analysis and the Confrontation Clause, although, admittedly, different approaches have been taken, and different conclusions reached, by other courts. See, e.g., Las Vegas v.Walsh, 124 P.3d 203 (Nev. 2005), and People v.Rogers, 780 N.Y.S.2d 393, 8 A.D.3d 888 (2004). It is significant to me that certificates of analysis are not based on opinion but are grounded on scientific testing to determine the physical and chemical composition of the substance analyzed and the quantity of that substance. Because this Court holds that certificates of analysis are not testimonial in nature, the constitutionality of § 12-21-300 under Crawford is not implicated. Thus, the issues left open in Brown v.State, 939 So.2d 957 (Ala.Crim.App. 2005) — whetherCrawford impacts the other provisions of §12-21-302, i.e., that the opposing party must establish a legitimate basis for wanting to cross-examine the forensic scientist and that if the opposing party fails to conduct the cross-examination, the costs of bringing the scientist to court will be taxed to the opposing party — are now moot and need not be reached.
I note, however, that in Smith v. State,898 So.2d 907 (Ala.Crim.App. 2004) (Shaw, J., concurring in part and concurring in the result in part), and Perkins v.State, 897 So.2d 457 (Ala.Crim.App. 2004) (Shaw, J., concurring in part and concurring in the result in part), I found it unnecessary to determine whether the autopsy reports in those cases were testimonial or nontestimonial in nature. Because the Crawford Court did not provide a comprehensive definition of testimonial evidence and, in fact, suggested several different approaches that might be used to determine whether certain evidence is testimonial, I remain concerned that this Court's holdings in Smith andPerkins were overly broad. Contrary to our holdings in those cases, it is not evident to me that all autopsy reports are nontestimonial in nature, without any consideration as to whether the findings in such reports are, on the one hand, fact-based, routine, descriptive, *Page 619 
and nonanalytical, or, on the other hand, include contested conclusions or opinions that are central to the determination of the corpus delecti. Other courts have read Crawford as requiring that a middle ground be reached with respect to autopsy reports, i.e., that the distinction be made between factual, routine, descriptive, and nonanalytical findings and contested opinions and conclusions drawn from objective findings. See, e.g., State v. Lackey, 280 Kan. 190,120 P.3d 332 (2005); Rollins supra; and People v.Bryant, 27 A.D.3d 1124, 815 N.Y.S.2d 372 (2006). Because of my concerns in this respect, I must concur in the result as to Part II of the main opinion.
[7] See Rollins v. State, 392 Md. 455, 897 A.2d 821
(2006) (noting that dicta of the United States Supreme Court is instructive of the Supreme Court's views and should not be dismissed out of hand when there is no clear precedent to the contrary). *Page 620