Appeal from a judgment of the Supreme Court, Erie County (Russell P Buscaglia, A.J.), rendered November 16, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant’s contention that the evidence is legally insufficient to establish that he constructively possessed the weapon. Where, as here, “there is no evidence that defendant actually possessed the [weapon], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized” (People v Pichardo, 34 AD3d 1223, 1224 [2006], lv denied 8 NY3d 926 [2007] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573 [1992]; see also Penal Law § 10.00 [8]). Here, we conclude that the evidence, viewed in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; People v Williams, 84 NY2d 925, 926 [1994]), is legally sufficient to establish that defendant constructively possessed the subject weapon (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant’s further contention that he was deprived of a fair trial by prosecutorial misconduct based on two comments made by the prosecutor on summation. When defendant objected to the first comment, Supreme Court gave a curative instruction and then overruled the objection. Defendant did not thereafter request a further curative instruction or move for a mistrial. Under those circumstances, defendant’s contention with respect to the prosecutor’s first comment is properly before us only insofar as his objection was overruled because “ ‘the *1233 curative instruction[ ] [would] be deemed to have corrected the error to the defendant’s satisfaction’ ” (People v Lane, 106 AD3d 1478, 1480-1481 [2013], lv denied 21 NY3d 1043 [2013]). Defendant did not object to the second comment, however, and thus that part of his contention is unpreserved for our review (see People v Young, 100 AD3d 1427, 1428 [2012], lv denied 20 NY3d 1105 [2013]; see also CPL 470.05 [2]). In any event, we conclude that reversal is not required based upon those two instances of alleged misconduct (see People v Sweeney, 15 AD3d 917, 917 [2005], lv denied 4 NY3d 891 [2005]; see generally People v Galloway, 54 NY2d 396, 401 [1981]). Finally, the sentence is not unduly harsh or severe. Present — Smith, J.R, Peradotto, Lindley, Sconiers and Valentino, JJ.