# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 52  SSM 2
The People &c.,
        Respondent,
     v.
Justin Hymes,
        Appellant.

Submitted by Nathaniel V. Riley, for appellant.
Submitted by Nicole K. Intschert, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.  Initially, defendant asserts

that County Court erroneously admitted certain testimony regarding the victim's out-of-

court disclosures of sexual abuse, and failed to instruct the jury that such evidence could be considered only for the "purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest" (People v Ludwig, 24 NY3d 221, 231 [2014]; see People v Cullen, 24 NY3d 1014, 1016 [2014]).  Because defendant did not object on either basis before the trial court, we conclude that these arguments are unpreserved and, therefore, unreviewable by this Court (see CPL 470.05 [2]; People v Bayne, 82 NY2d 673, 676 [1993]; People v West, 56 NY2d 662, 663 [1982]; compare People v Smith, 22 NY3d 462, 465 [2013]).  Furthermore, on this record, defendant has failed to satisfy his burden of demonstrating "the absence of strategic or other legitimate explanations" for trial counsel's failure to lodge an objection to the testimony now challenged on appeal or to seek a limiting instruction with respect to such testimony (People v Honghirun, 29 NY3d 284, 289 [2017] [internal quotation marks and citations omitted]; see People v Rivera, 71 NY2d 705, 709 [1988]).  Therefore, defendant's claim of ineffective assistance of counsel on this direct appeal must be rejected.  To the extent defendant wishes to advance such a claim based upon matters outside the record, he may commence a proceeding pursuant to CPL 440.10 (see People v Mendoza, 33 NY3d 414, 419 n [2019]; People v Brown, 45 NY2d 852, 853-854 [1978]).

* * * * * * * * * * * * * * * * *
On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided March 26, 2020