■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUAL MARTINEZ, Appellant.

Defendant, convicted of selling a vial of crack to an undercover officer for five dollars, has not preserved his claim that he was prejudiced at trial by proof of other crimes. Although he did object at trial to the proof of "citizens' complaints" on the ground of irrelevance, such constituted limited background material that was admissible to explain why the team chose to conduct a buy-and-bust operation in the area where it came upon defendant (*People v Colon,* 172 AD2d 173, 174, *affd* 78 NY2d 998). In any event, the complaints were not linked to defendant, and in light of the evidence of the number of arrests that were made by the officers of this single team on the day of defendant's arrest—evidence that was produced by defense counsel—it is not likely that the jury erroneously speculated that the complaints were directed at defendant.

Conversely, with respect to the undercover officer's testimony that defendant had told him that the vial was the "last one", defendant not only failed to object, but also used this evidence in an attempt to show that the undercover officer was not credible, and thus will not be heard to claim that he was prejudiced. In any event, were we to reach in the interest of justice, defendant's argument that the "last one" remark was not "inextricably interwoven" with the acts done or words used in the otherwise admissible part of the evidence, within the meaning of *People v Vails* (43 NY2d 364, 368; *see, People v Crandall,* 67 NY2d 111, 116-117), we would find that the admission of the remark was harmless error. (*People v Crimmins,* 36 NY2d 230.)

There is no basis for upsetting the trial court's determination that a competency hearing was not warranted. The record of the proceeding leading up to, at the time of, and after counsel's request for a mental competency examination

of defendant shows that the trial court did not abuse its discretion. Defendant's single-minded pursuit of his unsuccessful motion for new counsel did not raise a sufficient doubt about his competency, and counsel's further contact with defendant only served to show defendant's ability to assist in his own defense *(cf., People v Russell,* 74 NY2d 901). Accordingly, there is no merit to defendant's claim that his waiver of his right to be present at trial was invalid. The claim presupposes that he was incompetent, when he was not, and the record establishes that he was fully informed of the consequences of his decision not to appear *(People v Parker,* 57 NY2d 136, 141). Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.