■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARITA PAGAN, Appellant. [633 NYS2d 829] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 10, 1993, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review her contention that the hearing court erred by denying suppression of the drugs and the gun that were recovered from the

automobile in which she was seated at the time of the commission of the crime and her arrest *(see, People v Manuli,* 156 AD2d 388; *People v Claudio,* 64 NY2d 858). In any event, we find no error in the hearing court's conclusion that the arresting police officer had probable cause to search the automobile for evidence of the crime, contraband, or a weapon under the automobile exception to the search-warrant requirement *(see, People v Galak,* 81 NY2d 463; *People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49; *People v Bonilla,* 199 AD2d 519; *People v Fulton,* 189 AD2d 778).

Also unpreserved for appellate review is the defendant's contention that she was prejudiced by the admission into evidence, for background purposes, of testimony concerning so-called buy-and-bust operations *(see,* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879; *People v Woney,* 205 AD2d 480). In any event, the admission of this limited testimony was necessary to make the subject matter of a crime intelligible to the jury, to describe the scene of the crime, and to explain a contested issue *(see, People v Garcia,* 196 AD2d 433, *affd* 83 NY2d 817; *People v Martinez,* 179 AD2d 501; *People v Almodovar,* 178 AD2d 133; *People v Ellsworth,* 176 AD2d 127; *People v Tucker,* 102 AD2d 535).

The defendant's remaining contentions are without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.