■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY GREENE, Appellant. [747 NYS2d 357]

At this joint trial, the codefendant opened the door to limited additional testimony by the victim on re-redirect examination concerning an uncharged burglary. The uncharged burglary involved the same parties, had occurred only hours before, and was closely linked to the instant crime, and testimony relating to the prior burglary and the victim's suspicion that defendant had committed it had been elicited, without objection, on direct and redirect examination of the victim in order to provide the background leading up to the ultimate confrontation. The court properly concluded that the codefendant's counsel's recross-examination of the victim had opened the door to explanatory re-redirect examination since it had created the misleading impression that the victim had no sound reason to suspect that defendant had been the perpetrator of the burglary (*see People v Melendez*, 55 NY2d 445; *People v Sosa*, 267 AD2d 106, *lv denied* 94 NY2d 953; *People v Gilliard*, 171 AD2d 531, *lv denied* 77 NY2d 995; *see also People v Johnson*, 224 AD2d 635, 636-637, *lv denied* 88 NY2d 849). Furthermore, the additional evidence elicited on re-redirect was highly probative and not unduly prejudicial (*see People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673).

The court properly admitted a tape recording of a 911 call as a present sense impression. There was abundant evidence to satisfy the corroboration requirement applicable to that hearsay exception (*see People v Buie*, 86 NY2d 501, 512; *People v Brown*, 80 NY2d 729, 734-737).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur— Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.