■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN NELOMS, Appellant. [779 NYS2d 26]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered December 14, 2000, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, criminal possession of a controlled substance in the seventh degree and criminal use of drug paraphernalia in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years, 7 years, 1 year and 1 year, respectively, unanimously affirmed.

The court properly admitted, as both an excited utterance and a present sense impression, a declaration made to two civilian witnesses by the nontestifying victim of an uncharged robbery, in which the screaming declarant, with duct tape on his hands and neck, stated that he had just been robbed and that the robbers were on their way out of the building. The evidence warranted the conclusion that the robbery had just occurred, and that the declarant was still under the influence of the stress of that incident (*see People v Johnson*, 1 NY3d 302 [2003]). The statement also qualified as a present sense impression (*see People v Brown*, 80 NY2d 729 [1993]), as it was a spontaneous description of events as they were unfolding, and the requirement of corroboration was fully satisfied by testimony that defendant and another man hurriedly left the victim's apartment building, with guns drawn, just after the victim announced that there had been a robbery and that the robbers were on their way out of the building (*People v Brown*, 80 NY2d at 735-736; *People v Greene*, 297 AD2d 604 [2002], *lv denied* 99 NY2d 535 [2002]). In any event, this evidence was received not for its truth but to show the police officers' state of mind.

The court properly exercised its discretion in admitting the above-described testimony, along with various other evidence relating to the uncharged robbery. Moreover, the court's limiting instructions minimized any prejudicial effect.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.