■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN CATO, Appellant. [802 NYS2d 753]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 11, 2004, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission into evidence of a tape of a 911 call in which the caller described the beating of the complainants as it occurred violated his rights under the Confrontation Clause. However, the specific argument that the 911 tape was "testimonial" under *Crawford v Washington* (541 US 36 [2004]) was not raised in the Supreme Court and, therefore, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, there is no merit to the argument (*see Crawford v Washington, supra; People v Marino,* 21 AD3d 430 [2005]; *People v Coleman,* 16 AD3d 254 [2005], *lv denied* 5 NY3d 805 [ 2005]). S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EVERETT, Appellant. [802 NYS2d 631]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered November 3, 2004, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made and precludes review of his contention that the sentence was excessive (*see People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Castagna,* 18 AD3d 475 [2005]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.