■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MITCHELL, Appellant. [826 NYS2d 144]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 24, 2003, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission of a tape recorded 911 call into evidence violated his rights under the Confrontation Clause. Since no objection was raised to the admissibility of the tape at trial, the defendant's contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Cato, 22 AD3d 863 [2005]; People v Marino, 21 AD3d 430 [2005], cert denied — US —, 126 S Ct 2930 [2006]; People v Bones, 17 AD3d 689

[2005]). In any event, the admission of the tape of a caller's statements to the 911 operator did not violate the defendant's right to confrontation because the statements were not testimonial (*see Davis v Washington,* 547 US —, 126 S Ct 2266 [2006]; *People v Cato, supra; People v Marino, supra; People v Coleman,* 16 AD3d 254 [2005]; *People v Moscat,* 3 Misc 3d 739 [2004]).

To prevail on a claim of ineffective assistance of counsel, "it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" (*People v Montana,* 71 NY2d 705, 709 [1988]; *see People v Benevento,* 91 NY2d 708, 712 [1998]). "[S]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi,* 54 NY2d 137, 147 [1981]). Here, the record demonstrates that the defendant received meaningful representation (*see People v Benevento, supra*).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Krausman, Mastro and Covello, JJ., concur.