■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENEE DASQUE, Appellant. [841 NYS2d 896]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered March 15, 2004, convicting her of murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review her contention that her right to confront a witness was violated by the admission into evidence of a statement made by her half sister Jeanine Dasque to a responding police officer that the defendant had assaulted her (*see* CPL 470.05 [2]; *Crawford v Washington*, 541 US 36 [2004]; *People v Cato*, 22 AD3d 863 [2005]; *People v Moreno*, 303 AD2d 424 [2003]). Further, the defendant's motion to set aside the verdict pursuant to CPL 330.30, in which she raised essentially the same arguments as she now raises on appeal, was not sufficient to preserve this contention for appellate review (*see People v Davidson*, 98 NY2d 738, 739-740 [2002]; *People v Padro*, 75 NY2d 820, 821 [1990]; *People v LaGuerre*, 29 AD3d 820, 821 [2006]).

In any event, the claim is without merit where the victim's statement was not testimonial (*see Davis v Washington*, 547 US —, 126 S Ct 2266 [2006]; *People v Nieves-Andino*, 9 NY3d 12 [2007]; *People v Bradley*, 8 NY3d 124 [2006]).

The defendant's remaining contentions are without merit or do not require reversal. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.