■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS I. MEDINA, Appellant. [861 NYS2d 546]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 15, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, the one-word responses of the victim to questioning from a friend concerning who shot him were properly admitted under the excited utterance exception to the hearsay rule inasmuch as the victim's responses, identifying defendant as the shooter, were "not made under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497 [1979]; *see People v Johnson*, 1 NY3d 302, 307 [2003]; *People v McClary*, 21 AD3d 1427, 1428 [2005], *lv denied* 5 NY3d 884 [2005]). The record establishes that the friend questioned the victim while attempting to comfort him, approximately five minutes after the victim had been fatally wounded and was in obvious pain, and we thus conclude that the responses were made while the victim was "under the continuing influence of the stress and excitement generated by the initial event" (*People v Brown*, 70 NY2d 513, 522 [1987]; *see People v Kelley*, 46 AD3d 1329, 1330-1331 [2007], *lv denied* 10 NY3d 813 [2008]). Based on our conclusion that the responses were properly admitted in evidence as excited utterances, we reject defendant's further contention that County Court erred in failing to instruct the jury concerning excited utterances because, "[u]nlike dying declarations, excited utterances do not require special instructions to the jury" (*People v Corbin*, 284 AD2d 408 [2001], *lv denied* 96 NY2d 917 [2001]). In addition, because the victim's responses were properly admitted in evidence as excited utterances, it is of no moment that the court treated the responses as dying declarations in its jury instructions, and we need not address whether the responses were indeed dying declarations (*see People v Durio*, 175 AD2d 842, 844 [1991], *lv denied* 78 NY2d 1075, 79 NY2d 826 [1991]). Defendant failed to preserve for our review his contention that the testimony concerning the victim's responses identifying him as the shooter violated his constitutional right of confrontation (*see People v Bryant*, 27 AD3d 1124, 1125 [2006], *lv denied* 7 NY3d 753 [2006]). In any event, that contention lacks merit. Here, the responses by the victim to his friend after sustaining a fatal wound "bear no similarity to the kind of formal interrogation by authorities that the Supreme Court found to be part of the 'Sixth Amendment's core concerns' " (*People v Gantt*, 48 AD3d 59, 70 [2007], *lv denied* 10 NY3d 765 [2008], quoting *Crawford v Washington*, 541 US 36, 51 [2004]).

Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495

[1987]), either as a principal or as an accomplice (*see* Penal Law § 20.00; *People v Rivera*, 84 NY2d 766, 771 [1995]; *People v Colon*, 275 AD2d 797 [2000], *lv denied* 95 NY2d 904 [2000]). Finally, the sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.