Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered April 27, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, rape in the first degree (two counts), rape in the second degree (two counts), criminal sexual act in the second degree and sexual abuse in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of course of sexual conduct against a child in the first degree and dismissing count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing on counts two through seven of the indictment {see CPL 470.20 [3]).
Memorandum: On appeal from a judgment convicting him *1156 upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and two counts each of rape in the first degree (§ 130.35 [1]) and rape in the second degree (§ 130.30 [1]), defendant contends in his main brief and pro se supplemental brief that the evidence is legally insufficient to support the conviction of any crime in which sexual intercourse is an element because the People failed to prove that he engaged in sexual intercourse with the victim. We reject that contention. The victim, who was 17 years old at the time of trial, testified that defendant “had sex” with her on two occasions, and she distinguished those two incidents from forcible oral sexual abuse and forcible touching. The jury thus could reasonably have inferred that defendant engaged in sexual intercourse with the victim (cf. People v Carroll, 95 NY2d 375, 383 [2000]; see generally People v Calabria, 3 NY3d 80, 81-82 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). We conclude, however, that the evidence is legally insufficient to support the conviction of course of sexual conduct against a child in the first degree under Penal Law § 130.75 (1) (a). That Penal Law section requires evidence that, over at least a three-month period, defendant engaged “in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than eleven years old.” Here, there was no evidence that defendant engaged in any act other than forcible touching before the victim was 11 years old. We reach this issue sua sponte, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we conclude that the part of the judgment convicting defendant of course of sexual conduct against a child in the first degree must be reversed on the law based on the legal insufficiency of the evidence with respect thereto. We therefore modify the judgment accordingly.
We further reject defendant’s contention that County Court erred in admitting in evidence the testimony of the victim and her brother concerning four instances of uncharged sexual abuse by defendant. Although evidence of uncharged crimes is inadmissible to “show defendant’s bad character or his propensity towards crime” (People v Lewis, 69 NY2d 321, 325 [1987]), such evidence was admissible in this case “to complete the narrative of the events charged in the indictment . . . , and it also provided necessary background information” (People v Bassett, 55 AD3d 1434, 1436 [2008]). Here, the victim’s brother testified that the victim disclosed the abuse to him after he confronted defendant concerning an uncharged instance of sexual touching. Further, the victim’s testimony concerning *1157 uncharged acts of sexual abuse that preceded the events charged in the indictment was properly admitted because the details of the prior abuse, including the frequency of the abuse, placed in context her failure to disclose the abuse in a timely manner, and it established that the sexual abuse had been ongoing and had escalated. We note in any event that the court repeatedly instructed the jury that the testimony concerning the prior sexual abuse was admitted in evidence solely to establish when the abuse began, thereby minimizing any prejudice to defendant (see generally People v Barner, 30 AD3d 1091, 1092 [2006], lv denied 7 NY3d 809 [2006]; People v Neloms, 8 AD3d 136 [2004], lv denied 3 NY3d 710 [2004]; People v McCullough, 8 AD3d 1122 [2004], lv denied 3 NY3d 709 [2004]).
We agree with defendant, however, that the court erred in admitting in evidence the testimony of the boyfriend of the victim concerning her disclosure of the sexual abuse two years after the last incident of abuse. The court admitted the testimony as a prompt outcry, inasmuch as “evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place” (People v McDaniel, 81 NY2d 10, 16 [1993]). “[Promptness is a relative concept dependent on the facts” (id. at 17), and we agree with defendant that the victim’s disclosure in this case was not prompt. As noted, the victim made the disclosure two years after the last incident of abuse, and the record establishes that she had been living away from defendant for a period of time before making the disclosure and had not received any threats that prevented her from disclosing the abuse (see generally People v Kornowski, 178 AD2d 984, 984-985 [1991], lv denied 89 NY2d 1096 [1997]). Nevertheless, we conclude that the error in the admission of the testimony of the victim’s boyfriend is harmless because his testimony “ ‘mirrored evidence [that was] disclosed to the jury without objection’ ” (People v Walek, 28 AD3d 1246, 1247 [2006], lv denied 7 NY3d 764 [2006]).
Finally, we have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that neither requires reversal. Present — Hurlbutt, J.E, Centra, Peradotto, Green and Gorski, JJ.