THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JOHNSON, Appellant. [885 NYS2d 628]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered September 10, 2003, convicting him of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission of certain testimony at trial regarding statements made by the deceased victim, shortly after he was shot, deprived him of his constitutional right to confront the witnesses against him because the decedent's statements were "testimonial" under *Crawford v Washington* (541 US 36 [2004]) and its progeny. However, the defendant failed to argue before the trial court that the challenged statements were testimonial in nature; thus, the contention is unpreserved for appellate review (*see People v Cato*, 22 AD3d 863 [2005]; *see also People v Gray*, 86 NY2d 10, 21 [1995]).

In any event, the statements made by the decedent to his mother and to his mother's tenant shortly after the shooting, as well as the statements initially made by the decedent to the police officer who responded to the scene, were nontestimonial in nature (*see People v Medina*, 53 AD3d 1046, 1047 [2008]; *People v Gantt*, 48 AD3d 59, 70 [2007]; *People v Rivera*, 8 AD3d 53 [2004]; *see also Crawford v Washington*, 541 US at 51). Moreover, to the extent that the admission of certain subsequent and largely redundant statements made by the decedent to the responding officer may have violated the rule articulated in *Crawford* (*see Davis v Washington*, 547 US 813, 822 [2006]; *cf. People v Nieves-Andino*, 9 NY3d 12 [2007]; *People v Bradley*, 8

NY3d 124 [2006]; *but see Crawford v Washington,* 541 US at 56), the evidence of the defendant's guilt, including, inter alia, the properly admitted testimony, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's convictions. Accordingly, the error, if any, was harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *see also People v Gantt,* 48 AD3d 59, 71 [2007]; *People v Purdie,* 27 AD3d 668 [2006]; *People v McBee,* 8 AD3d 500, 501 [2004]). Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.