■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY G. OSBOURNE, Appellant. [894 NYS2d 61]—

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The admission of an audiotape of an anonymous caller's statements to the 911 emergency telephone operator did not violate the defendant's right to confrontation because the statements were not testimonial (*see Davis v Washington,* 547 US 813

[2006]; *People v Mitchell,* 35 AD3d 507 [2006]; *People v Cato,* 22 AD3d 863 [2005]; *People v Marino,* 21 AD3d 430 [2005]; *People v Coleman,* 16 AD3d 254 [2005]).

Moreover, the 911 tape recording was also properly admitted into evidence under the present sense impression exception to the hearsay rule. The call was made substantially contemporaneously with the caller's finding of the injured complainant (*see People v Vasquez,* 88 NY2d 561, 575 [1996]; *People v Brown,* 80 NY2d 729, 734 [1993]; *Lee v City of New York,* 40 AD3d 1048, 1049 [2007]; *People v Neloms,* 8 AD3d 136, 137 [2004]). The substance of the call was sufficiently corroborated by other evidence (*see People v Brown,* 80 NY2d at 734-736; *People v Neloms,* 8 AD3d at 137).

The defendant's remaining contention is without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.