■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONIE JACKSON, Appellant. [892 NYS2d 906]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 9, 2008 (*People v Jackson*, 54 AD3d 775 [2008]), affirming an order of the Supreme Court, Queens County, dated September 30, 2004.

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered May 16, 2008, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

To the extent that the defendant challenges the search of a backpack found in his girlfriend's vehicle on the ground that there was no probable cause for the search, his contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Pagan*, 221 AD2d 571, 571-572 [1995]) and, in any event, is without merit (*see People v Millan*, 69 NY2d 514, 519 [1987]; *People v Robinson*, 38 AD3d 572, 573 [2007]; *People v Gonzalez*, 25 AD3d 620, 621 [2006]; *People v DeLaCruz*, 242 AD2d 410, 411 [1997]; *People v Fredericks*, 234 AD2d 472, 473 [1996]).

"The defendant['s] [contention] that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt because the testimony of the accomplice was uncorroborated . . . is unpreserved for appellate review, as the defendant failed to move for dismissal at trial on this specific ground" (*People v Forino*, 39 AD3d 664, 665 [2007]; *see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Payne*, 3 NY3d 266, 280 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 265.03 [3]; *People v Laing*, 66 AD3d 1353 [2009]; *People v Tillery*, 60 AD3d 1203, 1205 [2009]; *see also People v Curry*, 52 AD3d 731 [2008]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the admission into evidence of certain tape-recorded 911 calls violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution is unpreserved for appellate review (*see People v Gonzalez*, 44 AD3d 871, 872 [2007]; *see also* CPL 470.05 [2]; *People v Ward*, 57 AD3d 582, 583 [2008]; *People v Mitchell*, 35 AD3d 507, 507 [2006]). In any event, admission of the caller's statements to the 911 operator did not violate the defendant's right of confrontation because the statements were not testimonial (*see People v Drummond,* 34 AD3d 492, 493 [2006]; *see also People v Mitchell*, 35 AD3d at 508; *People v Conyers*, 33 AD3d 929, 930 [2006]; *People v Cato*, 22 AD3d 863 [2005]; *People*

*v Marino,* 21 AD3d 430, 431 [2005], *cert denied* 548 US 908 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, do not require reversal. Fisher, J.P., Florio, Belen and Austin, JJ., concur.