■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CLEMENTE, JR., Appellant. [922 NYS2d 193]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 30, 2008,

convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was deprived of his constitutional right to a speedy trial (*see* CPL 30.20). Upon balancing all the factors to be considered in connection with the defendant's claim (*see People v Taranovich*, 37 NY2d 442, 445 [1975]), the Supreme Court properly determined that the defendant's constitutional right to a speedy trial was not violated (*see People v Singer*, 44 NY2d 241, 254 [1978]; *People v Parrish*, 71 AD3d 697, 699 [2010]; *People v Allah*, 202 AD2d 599, 600 [1994]).

The defendant's contention that admission of a hearsay statement made by the daughter of the decedent to her mother approximately one hour after the shooting deprived him of his Sixth Amendment right to confrontation under *Crawford v Washington* (541 US 36 [2004]) is unpreserved for appellate review (*see People v Johnson*, 66 AD3d 703 [2009]; *People v Cato*, 22 AD3d 863 [2005]). In any event, there was no *Crawford* violation, since the challenged statement was not testimonial in nature (*see People v Johnson*, 66 AD3d 703 [2009]; *People v Medina*, 53 AD3d 1046, 1047 [2008]; *People v Gantt*, 48 AD3d 59, 70 [2007]; *People v Rivera*, 8 AD3d 53 [2004]). Moreover, the statement was properly admitted into evidence as an excited utterance. The circumstances surrounding the statement and the declarant's young age warrant the conclusion that the statement was not made "under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497 [1979]), and permits a reasonable inference that the declarant had an opportunity to observe the shooting (*see People v Fratello*, 92 NY2d 565, 571 [1998], *cert denied* 526 US 1068 [1999]; *People v Young*, 308 AD2d 555, 556 [2003]).

The written report of a police detective was properly admitted as a past recollection recorded (*see People v Taylor*, 80 NY2d 1, 8 [1992]; *People v Linton*, 21 AD3d 909, 910 [2005]; *cf. People v Pacheco*, 38 AD3d 686 [2007]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Charles*, 57 AD3d 556 [2008]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Robbins*, 48 AD3d 711 [2008]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the

defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The Supreme Court providently exercised its discretion in declining to give an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) in response to a note stating that the jury was "deadlocked 8 to 4" (*see People v Hyland*, 45 AD3d 781 [2007]).

The defendant's contention that the Supreme Court erred in denying his requests to charge the jury with justification and manslaughter in the second degree is without merit, since no reasonable view of the evidence supported such charges (*see People v Small*, 80 AD3d 786 [2011]; *People v Rodriguez*, 77 AD3d 975, 976 [2010]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are without merit. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.