■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDON THORMAN, Appellant. [1 NYS3d 364]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 19, 2007, convicting him of burglary in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of assault in the second degree and burglary in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of those crimes beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Clemente*, 84 AD3d 829 [2011]; *People v Charles*, 57 AD3d 556 [2008]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Robbins*, 48 AD3d 711 [2008]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.