■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LOPEZ, Appellant. [808 NYS2d 648]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered February 26, 2004, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The trial court received in evidence a nontestifying codefendant's custodial written and stenographic statements as declarations against penal interest, and also received an audiotaped police-arranged conversation between defendant and the nontestifying codefendant. While defendant objected to this evidence as hearsay, that objection did not preserve a Confrontation Clause claim (*People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]; *compare People v Hardy*, 4 NY3d 192, 197 n 3 [2005]). Although defendant's trial occurred before the decision of the United States Supreme Court in *Crawford v Washington* (541 US 36 [2004]), that circumstance does not affect defendant's obligation to make a proper constitutional claim, as opposed to a claim grounded in state evidentiary law. We decline to review defendant's constitutional arguments in the interest of justice.

Were we to review defendant's claims concerning the codefendant's written and videotaped statements, we would conclude that, as the People concede, those statements were inadmissible under *Crawford*. However, we find the error to be harmless, even under the standard for constitutional error (*see People v Crimmins*, 36 NY2d 230, 241 [1975]). There was overwhelming evidence of defendant's guilt, including his own confession, as well as testimony from two witnesses that placed him at the scene and supported the inference of accessorial liability.

There was no error, constitutional or otherwise, in admitting the audiotaped telephone conversation between defendant and his codefendant (*United States v Hendricks*, 395 F3d 173, 184 [3d Cir 2005]). The codefendant's portion of the conversation was not admitted for its truth, but to provide the context for the statements on the tape made by defendant.

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.