■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE DRUMMOND, Appellant. [824 NYS2d 126]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 18, 1998, convicting him of menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission into evidence of a tape of a 911 emergency telephone call in which the complain-

ant sought help in an ongoing emergency situation violated his right under the Confrontation Clause. Since the defendant failed to object with sufficient specificity that the admission of the 911 tape violated his Sixth Amendment right of confrontation, he failed to preserve the issue for appellate review (*see People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Marino,* 21 AD3d 430, 431 [2005]). In any event, admission of the complainant's statements to the 911 operator did not violate the defendant's right of confrontation because the statements were not testimonial (*see Davis v Washington,* 547 US —, 126 S Ct 2266 [June 19, 2006]; *People v Marino, supra*). Finally, because the defendant was afforded "meaningful representation" at trial, his ineffective assistance of counsel argument must fail (*see People v Benevento,* 91 NY2d 708, 712 [1998]). Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.