■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOWELL, Appellant. [843 NYS2d 170]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 25, 2004, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of the crime of murder in the second degree to manslaughter in the first degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the first degree.

The defendant, along with his brother Donald Howell, shot Tyrone Dortch. When police officers arrived at the crime scene, they asked Dortch's girlfriend, Cheryl Leach, "what happened?" In response, she stated that two assailants shot Dortch, and provided the officers with a description of the assailants and the location of the house from which they emerged before shooting Dortch. The officers drove Leach to the house, found the defendant and Donald Howell, who fit Leach's description, and

brought them outside, where Leach identified them as the assailants who shot Dortch. At the joint trial of the defendant and Donald Howell, Leach was unavailable to testify, and her statements to the police were admitted into evidence by the Supreme Court as excited utterances. At the conclusion of trial, Donald Howell was convicted of manslaughter in the first degree and the defendant was convicted of murder in the second degree.

The defendant contends that the admission into evidence of Leach's hearsay statements violated his right to confront witnesses against him, secured to him by the Confrontation Clause of the Sixth Amendment of the United States Constitution. However, since the defendant failed to object to the admission of Leach's statements on the ground that it violated his Sixth Amendment right of confrontation, he did not preserve the issue for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19-21 [1995]; People v Drummond, 34 AD3d 492, 493 [2006], lv denied 8 NY3d 921 [2007]; People v Marino, 21 AD3d 430, 431 [2005]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Pierre, 30 AD3d 622 [2006]).

Since the defendant was afforded "meaningful representation" at trial, his contention that he was denied effective assistance of counsel must fail (see People v Benevento, 91 NY2d 708 [1998]).

On the record of this case, however, we conclude that the evidence was legally insufficient to support the defendant's conviction of murder in the second degree, and therefore the conviction on that count cannot be sustained (see CPL 470.15 [2] [a]). However, the evidence was legally sufficient to support a conviction of manslaughter in the first degree as a lesser-included offense. Accordingly, we reduce the conviction to manslaughter in the first degree. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.