THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PEREZ, Appellant. [849 NYS2d 514]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 13, 2004, convicting defendant, after a jury trial, of murder in the first degree, murder in the second degree (four counts), robbery in the first degree (four counts) and bur-

glary in the first degree (two counts), and sentencing him to an aggregate term of life without parole, unanimously affirmed.

Defendant argues that his counsel was ineffective for arguing, with respect to one of the two murders of which defendant was convicted, that his confession was false, while at the same time pursuing a defense of extreme emotional disturbance. Defendant argues that counsel should have relied exclusively on the latter defense. These claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We recognize that trial counsel is deceased, but defendant had ample opportunity to contact him with a view to making a CPL 440.10 motion, since there was a period of over two years between the conviction and counsel's death and defendant was represented by present appellate counsel during most of that time. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The extreme emotional disturbance claim was weak, and "[w]e cannot say that the tactic of offering the jury an alternative theory to acquit defendant, although risky and ultimately unavailing, did not reflect, under the circumstances of this case, a reasonable and legitimate strategy." (*People v Brito*, 304 AD2d 320, 321 [2003], *lv denied* 100 NY2d 592 [2003].) The record also establishes that defendant's other ineffective assistance claims, including those related to evidentiary issues, jury instructions and sentencing, are without merit.

At the suppression hearing, the court permitted defendant to introduce extensive evidence of his alleged mental illness in support of his claim that his confessions were involuntary. The court properly exercised its discretion in denying defendant a continuance for the purpose of introducing even more evidence on this issue, since the proposed evidence was cumulative or irrelevant. Defendant did not preserve his claim that he was constitutionally entitled to introduce additional evidence at the suppression hearing (*see e.g. People v Fronjian*, 22 AD3d 244 [2005], *lv denied* 6 NY3d 776 [2006]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit.

The court properly denied defendant's motion to sever the counts of the indictment relating to the two murders, which were properly joined on the basis of overlapping evidence (*see* CPL 200.20 [2] [b]), especially with regard to defendant's confes-

sions and their surrounding circumstances. In addition, the counts were joined on the basis of legal similarity (*see* CPL 200.20 [2] [c]), and defendant did not establish good cause for a discretionary severance under either prong of CPL 200.20 (3) (*see e.g. People v Oliveira*, 2 AD3d 122 [2003], *lv denied* 1 NY3d 632 [2004], *cert denied* 543 US 840 [2004]).

The court properly admitted evidence concerning a statement to the police by a nontestifying declarant, to which defendant objected solely on state-law hearsay grounds, since this evidence was not received for its truth, but for the legitimate, nonhearsay purpose of completing the narrative of events and explaining police actions (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]). Defendant did not preserve his other arguments concerning this evidence, including his Confrontation Clause claim, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.