■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CASTON, Appellant. [874 NYS2d 623]—

Stein, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 24, 2007, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree.

Lazaro Alonso arrived home one evening with his family and discovered defendant dressed in black clothing and wearing black gloves, crouched in a fetal position behind a tree, and within an arm's reach of a safe that was later determined to have been stolen from a nearby apartment. When Alonso questioned defendant about his presence on the property, defendant responded that he was "just listening to music." Alonso's wife called 911 and Alonso detained defendant until the police arrived. In response to Alonso's further questions concerning the safe, defendant denied that he had anything to do with it, but indicated that several other individuals were in an apartment building on the property. At no point did Alonso observe or hear other individuals exiting the victim's apartment, nor were there other individuals found inside of the residence by

the responding officers. A later investigation revealed that an apartment on the property had been broken into by kicking in the front door. Inside the apartment, the door to the bedroom in which the occupant kept a safe—the same safe found next to defendant—had been forced open. On the porch of another house on the premises, the police also found a pocketbook containing defendant's cellular telephone.

Defendant was charged in a two-count indictment with the crimes of burglary in the second degree and criminal possession of stolen property in the fourth degree. At the conclusion of a *Sandoval* hearing, County Court ruled that the People could inquire into 18 of defendant's 54 prior convictions should defendant choose to testify. Following a two-day jury trial, defendant was convicted of burglary in the second degree and a lesser included charge of criminal possession of stolen property in the fifth degree. County Court then sentenced defendant as a second felony offender to a prison sentence of seven years on the burglary conviction, and a concurrent jail sentence of one year on the conviction of possession of stolen property. Defendant now appeals and we affirm.

Initially, we discern no error in County Court's *Sandoval* ruling. "The determination as to which prior convictions . . . can be inquired about and the extent of such inquiry rests primarily within the discretion of the trial court" (*People v Adams*, 39 AD3d 1081, 1082 [2007], *lv denied* 9 NY3d 872 [2007] [citations omitted]; *see People v Valderama*, 25 AD3d 819, 820 [2006], *lv denied* 6 NY3d 854 [2006]). Here, defendant's 25-year criminal history included over 50 convictions, the majority of which were for theft-related offenses. However, the People requested permission to cross-examine defendant about only 18 convictions, all occurring within the previous 10 years. After carefully considering each conviction, County Court determined that the probative value of those 18 convictions—out of a total of 54—that related to defendant's veracity and credibility was not outweighed by the risk of unfair prejudice (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Clarke*, 5 AD3d 807, 809 [2004], *lv denied* 2 NY3d 797 [2004]). Thus, we find no abuse of discretion in the *Sandoval* compromise fashioned by County Court.

Defendant's arguments concerning the legal sufficiency and weight of the evidence essentially center on perceived deficiencies in the police investigation and the circumstantial nature of the People's proof. Because his counsel made only a general motion to dismiss at the close of the People's case, defendant failed to preserve his claim regarding the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 20 [1995]). However, we

necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349-350 [2007]; *People v Loomis*, 56 AD3d 1046, 1046-1047 [2008]). In doing so, we find no merit to either argument.

Where, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), "the court must [then] weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 348 [citation omitted]; *see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

In order to convict defendant of the crime of burglary in the second degree, the People were required to prove that defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein, and . . . [t]he building [was] a dwelling" (Penal Law § 140.25 [2]). A person enters or remains unlawfully in a dwelling "when he [or she] is not licensed or privileged to do so" (Penal Law § 140.00 [5]), such as when consent has not been obtained or is subsequently revoked from the owner or another who has the authority to issue such consent (*see People v Graves*, 76 NY2d 16, 20 [1990]; *People v Glanda*, 5 AD3d 945, 950 [2004], *lv denied* 3 NY3d 640 [2004]). Intent to commit a crime "may be inferred from, inter alia, the circumstances of the unlawful entry, defendant's unexplained presence on the premises and 'defendant's actions and assertions when confronted by the police or the owner' " (*People v Moore*, 285 AD2d 827, 828 [2001], *lv denied* 97 NY2d 685 [2001], quoting *People v Mitchell*, 254 AD2d 830, 831 [1998], *lv denied* 92 NY2d 984 [1998]; *see People v Hunter*, 32 AD3d 611, 612 [2006]; *People v Marmulstein*, 6 AD3d 879, 881 [2004], *lv denied* 3 NY3d 660 [2004]). In order to convict defendant of criminal possession of stolen property in the fifth degree, the People were required to prove that defendant "knowingly possesse[d] stolen property, with intent to benefit himself or a person other than an owner thereof" (Penal Law § 165.40).

Here, the Alonsos testified that they discovered defendant at approximately 8:25 P.M. dressed in black clothing and hiding just outside the apartment within arm's reach of a safe that had not been there at 8:00 P.M. When questioned, defendant

explained his presence on the property by saying that he was listening to music. However, defendant had no device for doing so. Similarly, although defendant indicated that other individuals were in the apartment, none was observed. Police Officer Travis Hartman's testimony further established that, when he arrived on the scene, the door to the victim's apartment had been kicked in and her bedroom door had been forced open. The People also presented the testimony of the victim that defendant had previously resided with her, but that months before the incident she had him removed from her home with instructions not to return. She also testified that she kept a safe in her bedroom and that it was there when she was last at the apartment. Defendant did not testify or call any witnesses on his own behalf at trial. Viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), even if a different finding would not have been unreasonable, we conclude that the verdict as to both charges was not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Inasmuch as defendant did not object to the People's comments during summation that he now asserts violated his right to a fair trial, his appellate challenge to such conduct is not preserved for our review (*see People v Valderama*, 25 AD3d at 821; *People v Hughes*, 280 AD2d 694, 696 [2001], *lv denied* 96 NY2d 801 [2001]). Defendant's remaining contentions—including his claim that his 6th Amendment right of confrontation was violated by the admission of certain testimony regarding identification of the cellular telephone recovered at the scene and the severity of his sentence—have been considered and are without merit (*see People v Perez*, 47 AD3d 409, 411 [2008], *lv denied* 10 NY3d 843 [2008]; *People v Howell*, 44 AD3d 685, 686 [2007], *lv denied* 10 NY3d 766 [2008]; *People v Sidbury*, 24 AD3d 880, 881 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Tirado*, 19 AD3d 712, 714 [2005], *lv denied* 5 NY3d 810 [2005]).

Cardona, P.J., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.