■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERTFORD MANN, Appellant. [880 NYS2d 792]—

Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 26, 2007, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, reckless endangerment in the first degree and assault in the third degree.

During an afternoon in April 2006, defendant and Shanta Byas had a heated disagreement that rapidly escalated from a verbal exchange, to spitting at each other, to a physical altercation during which defendant struck Byas in the face with his fist. Shortly thereafter, Byas, accompanied by several of her friends, sought out defendant at an apartment complex where defendant's friend, Lolita Pryor, resided. After Pryor told the group that defendant was not there, the group began to vandalize Pryor's automobile. Defendant then emerged from Pryor's apartment with a gun and, according to several witnesses, fired multiple shots at the group. He was indicted for reckless endangerment in the first degree and criminal possession of a weapon in the second degree for the alleged shooting incident, as well as assault in the third degree for the earlier altercation with Byas. He was found guilty by a jury of all three counts. County Court sentenced him, as a second felony offender, to concurrent prison terms of $3^{1}/_{2}$ to 7 years for reckless endangerment, 15 years (plus postrelease supervision) for criminal possession of a weapon, and one year for assault. Defendant appeals.

Defendant argues that the two counts arising from the al-

leged possession and firing of the gun were not supported by legally sufficient evidence and also that the jury's verdict on those two counts was against the weight of the evidence. Defendant's general motion to dismiss at trial failed to properly preserve for appellate review the issue regarding legal sufficiency of the evidence (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 20 [1995]). The record reveals no reason to exercise our interest of justice jurisdiction to reverse on this issue (*see People v Thomas*, 21 AD3d 643, 644-645 [2005], *lv denied* 6 NY3d 759 [2005]). "However, we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Caston*, 60 AD3d 1147, 1148-1149 [2009] [citations omitted]), and there is no preservation requirement for weight of the evidence review (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Loomis*, 56 AD3d 1046, 1046 [2008]).

In weight of the evidence review, "[i]f it would have been reasonable for the factfinder to reach a different conclusion, then [we] must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, a different verdict would not have been unreasonable since, among other evidence, defendant testified and denied shooting or possessing a gun. We thus will weigh and consider the evidence to determine whether "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 348).

Numerous witnesses testified at trial, some from Byas's group, but many merely bystanders from the neighborhood. The testimony of these witnesses included accounts of hearing several gunshots, seeing defendant with a handgun, noticing smoke from the gun as defendant fired it, and observing the gun being fired by defendant in the direction of Byas and her group. While there were some inconsistencies in the various witnesses' recollection of events, these inconsistencies were not so significant as to cause us to conclude that the verdict was against the weight of the evidence (*see People v Dallas*, 58 AD3d 1019, 1020 [2009]). Evidence at trial also included the fact that police, although never able to find the gun allegedly used by defendant, nevertheless recovered a live round of ammunition outside of Pryor's apartment. They found ammunition inside her apartment that matched the caliber of the bullet recovered

outside, the bullet from outside had a mark of the type found on cartridges which had been in a revolver and ejected, and that bullet fired when tested. This evidence, together with the description of events by eyewitnesses and other evidence at trial, provided proof of each of the elements of the germane crimes, including that defendant possessed an operable gun which he fired at a group of individuals (*see* Penal Law §§ 120.25, 265.03 [1] [b]). While there was some conflicting evidence and credibility issues, we find the jury's resolution of those issues, as well as its verdict, to be amply supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Golden*, 37 AD3d 972, 974 [2007], *lv denied* 9 NY3d 844 [2007]).

Defendant contends that the sentence was harsh and excessive. Defendant was not a stranger to the criminal justice system and, in fact, he was on probation at the time of the current crimes. County Court noted that the shots were fired across an open field where other residents, including children, were often present. We are unpersuaded that the sentence was an abuse of discretion or that extraordinary circumstances exist that would merit reducing the sentence (*see People v Rollins*, 51 AD3d 1279, 1282-1283 [2008], *lv denied* 11 NY3d 922, 930 [2009]; *People v Lozada*, 35 AD3d 969, 971 [2006], *lv denied* 8 NY3d 947 [2007]).

Cardona, P.J., Peters, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.