(October 29, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC S. SMITH, Appellant. [887 NYS2d 366]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered August 27, 2007 in Clinton County, upon a verdict convicting defendant of the crimes of assault in the third degree and criminal mischief in the fourth degree.

After a jury trial, defendant was convicted of assault in the third degree and criminal mischief in the fourth degree and acquitted of endangering the welfare of a child upon evidence that, on or about January 23, 2007, he punched the mother of his infant daughter and then broke her cell phone in half after a dispute at the home of defendant's mother. Defendant was sentenced to a term of incarceration of one year for each conviction, to run concurrently, and ordered to pay restitution. He now appeals and we affirm.

As defendant failed to specifically object at trial to the legal sufficiency of the evidence, this issue is not preserved for our review (*see People v Balram*, 47 AD3d 1014, 1015 [2008], *lv denied* 10 NY3d 859 [2008]). Upon review of the record, we find

no reason to exercise our interest of justice jurisdiction to reverse on this issue (*see People v Mann*, 63 AD3d 1372, 1373 [2009]). Our consideration of the weight of the evidence reveals that although acquittal on all charges would not have been unreasonable (*see People v Danielson*, 9 NY3d 342 [2007]), reviewing the conflicting testimony and rational inferences to be drawn from the evidence while giving proper deference to the jury's assessment of witness credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that the jury's verdict is not against the weight of the evidence.

The victim testified that defendant punched her in the head, knocking her to the floor, causing the victim to lose consciousness momentarily and sustain swelling, bruising and pain for several days, and that defendant subsequently broke her cell phone in half so she could not call the police. The extent of the victim's injuries was corroborated by the State Trooper who investigated her complaint against defendant, and the defense offered no alternate explanation for the bruising that remained on the victim's forehead several days after the assault. Defendant's mother testified on behalf of her son but was impeached by her admission of having interfered with a prior investigation of defendant by law enforcement, as well as an inconsistency between her trial testimony and her statement to the State Trooper investigating this incident. Defendant's self-serving testimony was unpersuasive, especially when claiming that the victim's cell phone was broken by the couple's 23-month-old daughter.

We are similarly unpersuaded by defendant's claim that he was deprived of a fair trial by the victim's brief reference to defendant's prior incarceration. Again, no objection to the victim's testimony was made at trial to preserve this issue for our review (*see People v Brown*, 249 AD2d 835, 837 [1998]). Even were we to consider the merits, we would find no prejudice given defendant's repeated voluntary references in his own testimony to his prior incarcerations (*see People v Deschamps*, 170 AD2d 771, 773 [1991], *lv denied* 77 NY2d 994 [1991]).

Nor was defendant's statutory right to a speedy trial violated. The People declared their readiness for trial on February 26, 2007, 25 days after defendant's February 1, 2007 arraignment and well within the 90-day statutory period (*see* CPL 30.30 [1] [b]). That declaration was not rendered illusory by the People's subsequent request on May 23, 2007 for an adjournment to develop pictures of the victim taken by the State Trooper, as those pictures had no bearing on the People's readiness and presented no impediment to the commencement of trial, which

proceeded on July 19, 2007 (*see People v Anderson*, 66 NY2d 529, 534 [1985]; *People v Cain*, 24 AD3d 889, 890 [2005], *lv denied* 7 NY3d 753 [2006]; *People v Rodriguez*, 306 AD2d 686, 687 [2003], *lv denied* 100 NY3d 624 [2003]). Even charging the People with the 34-day period from their adjournment request until they filed a new statement of readiness on June 26, 2007 (*see People v Stirrup*, 91 NY2d 434, 436-437 [1998]), this brings the total time chargeable to 59 days, still well within the 90-day statutory period.

Defendant also did not preserve, by objection, his claim that his constitutional right to a speedy trial was violated. Even if we were to consider this argument, we would find that defendant suffered no constitutional injury (*see People v Taranovich*, 37 NY2d 442, 445 [1975]).

Next, we note that defendant's ineffective assistance of counsel claim is based almost entirely on generalized allegations that do not identify a single defense, witness or motion that counsel failed to pursue, or any right on which counsel failed to advise defendant. The sole factual basis offered in support of this claim is counsel's failure to object to the victim's testimony regarding defendant's prior incarceration. As we have already noted, any prejudice that might have attached to such testimony was nullified by defendant's voluntary and repeated references to his prior incarcerations in his own testimony. Moreover, counsel orchestrated a successful defense against the child endangerment charge, argued successfully for defendant's pretrial release, argued successfully against the imposition of consecutive sentences and presented a logical and vigorous, although unsuccessful, defense based on the victim's credibility at trial. Viewing counsel's performance as a whole, we do not agree that defendant was denied the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Fuller*, 50 AD3d 1171, 1176-1177 [2008], *lv denied* 11 NY3d 788 [2008]).

Finally, given defendant's criminal history, we find no abuse of discretion or extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see People v Mann*, 63 AD3d at 1374; *People v Jordan*, 36 AD3d 948, 948 [2007]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.