■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. WILLIAMS, Appellant. [888 NYS2d 660]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Cawley, Jr., J.), rendered June 2, 2008, convicting defendant following a nonjury trial of the crimes of attempted criminal sexual act in the first degree, criminal possession of a weapon in the third degree and menacing in the second degree.

According to the victim, defendant approached him in the early morning hours of June 3, 2007 and asked for directions. After the victim gave the directions, defendant followed him and made unwanted sexual overtures. Defendant then grabbed the victim, pulled him behind a building, placed a knife to his throat and attempted to remove his pants. The victim was able to kick defendant and get free, flee the scene and call 911. The police responded and, after obtaining a description of the assailant, put out an "Attempt to Locate" to officers on patrol in the area, setting forth the description provided by the victim, as well as the location of the incident, among other things. While one police officer was taking the victim's report, another officer separately stopped two persons within a few minutes of each other, both of whom fit the description given by the victim. When the victim was brought to the location of the first suspect, he advised the police that the individual being detained was not his attacker. However, when brought to the location of the second suspect, the victim positively identified defendant as his attacker.

Defendant was charged with the crimes of attempted criminal sexual act in the first degree, criminal possession of a weapon in the third degree and menacing in the second degree. Following a nonjury trial, defendant was convicted as charged. County Court thereafter sentenced him to an aggregate prison term of 4½ years and five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's claim that his convictions were not based on legally sufficient evidence is unpreserved because his counsel failed to raise at the trial level the specific deficiencies now challenged (*see People v Gray*, 86 NY2d 10, 20 [1995]; *People v Balram*, 47 AD3d 1014, 1015 [2008], *lv denied* 10 NY3d 859 [2008]; *People v Caston*, 60 AD3d 1147, 1148-1149 [2009]). Moreover, we discern no circumstances which would warrant the

exercise of our interest of justice jurisdiction (*see People v Mann*, 63 AD3d 1372, 1373 [2009]; *People v Hilliard*, 49 AD3d 910, 912 [2008], *lv denied* 10 NY3d 959 [2008]).

We find no error in County Court's denial of defendant's motion to suppress the knife seized from him. A police officer is permitted to forcibly stop and detain a person when the officer "has a reasonable suspicion that a person has committed, is committing or is about to commit a crime" (*People v Nesbitt*, 56 AD3d 816, 818 [2008], *lv denied* 11 NY3d 928 [2009]). Here, the description of the perpetrator that was broadcast over the police radio was fairly detailed—including his approximate age, height, stature and apparel. The broadcast also included the fact that the perpetrator used a knife during the commission of the crime. The police officer stopped defendant—whose appearance was reasonably consistent with the description given by the victim—in the vicinity of the scene of the crime within minutes of hearing the description broadcast. These circumstances provided the officer with reasonable suspicion to stop defendant (*see People v Cantor*, 36 NY2d 106, 112-113 [1975]; *People v Nesbitt*, 56 AD3d at 818). In addition, having had reasonable suspicion to stop defendant, the officer was authorized to frisk him in order to protect the officer's safety, particularly in light of the officer's knowledge that the perpetrator had a knife (*see People v Nesbitt*, 56 AD3d at 818; *People v Schwing*, 14 AD3d 867, 868 [2005]). Thus, defendant's motion to suppress the knife was properly denied.

We also reject defendant's contention that his sentence was harsh and excessive. In view of defendant's extensive criminal history, we find no abuse of discretion nor extraordinary circumstances warranting a reduction of his sentence, which was less than the maximum allowable by law, in the interest of justice (*see People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Lowe*, 53 AD3d 982, 983 [2008]).

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.