■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ARCE, Appellant. [894 NYS2d 599]—

Kavanagh, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered January 26, 2009, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

On June 26, 2008, defendant was seen by a next door neighbor climbing through the living room window of a residence located in the City of Ithaca, Tompkins County. Initially, the neighbor observed defendant picking through trash in the alleyway adjacent to the building, but when defendant opened the window and entered the building, the neighbor called the police. When the police arrived, they found defendant on the second floor of the residence carrying a blue bag that contained two cameras, an iPod and other personal property that had been taken from an upstairs bedroom in the premises.[1] Defendant was arrested after it was confirmed that he did not reside or have permission to be in the building and the property found in the blue bag belonged to one of the building's residents. Defendant waived indictment and agreed to proceed by superior court information

---

1. The house is used for student housing, has 10 bedrooms and, at the time of the incident, had three students residing in it.

which charged him with burglary in the second degree and grand larceny in the fourth degree.[2]

At trial, defendant admitted that he had entered the building and stole the property from the upstairs bedroom, but claimed that he entered the premises only because he believed it was abandoned and unoccupied and, at the time, was simply looking for used bottles and cans that he could redeem for their deposit. He denied entering the building with a larcenous intent and claimed that he only decided to take the property found in the blue bag after he was actually inside the premises and realized that people were, in fact, living there. Defendant was found guilty of burglary in the second degree and petit larceny and was subsequently sentenced to concurrent prison terms of 3½ years and one year, respectively, plus four years of postrelease supervision. Defendant now appeals.

Initially, defendant argues that County Court committed reversible error by failing to properly respond to a question posed by the jury during its deliberations. Specifically, the jury asked, "Could the unlawful removal of deposit bottles and/or cans from within a dwelling constitute petit larceny?" After conferring with counsel, the court answered "yes" to the jury's question. Defendant objected and argued that the court's answer to this question did not constitute an adequate or sufficient response to the jury's inquiry (see CPL 310.30). Defendant does not contend that the answer given by the court was inaccurate or that the taking of these cans could not constitute a larceny;[3] instead, he argues that the jury was, in fact, asking if defendant entered the building only with the intent of taking property he believed to be abandoned, would that serve to qualify as the necessary criminal intent needed to elevate a trespass to a burglary. While this may have been an issue for the jury's consideration during its deliberations, it was not a question posed by it to the court, nor is there any indication in the record that the question as worded failed to properly state the issue for which the jury sought clarification. On the contrary, the question as asked was clear and unambiguous and the court's response to it was an accurate statement of applicable law. Viewed in connection with the court's charge on the law delivered to the jury prior to its deliberations, the answer as given satisfied the

---

**2.** Prior to trial, the District Attorney reduced the grand larceny charge to petit larceny.

**3.** Larceny is defined as that circumstance when a person "with intent to deprive another of property . . . wrongfully takes . . . such property from an owner thereof" (Penal Law § 155.05 [1]). The definition of property includes "any . . . personal property . . . or any article, substance or thing of value" (Penal Law § 155.00 [1]).

court's obligation to provide a meaningful response to its inquiry (*see People v Malloy*, 55 NY2d 296, 302-304 [1982], *cert denied* 459 US 847 [1982]; *People v Carpenter*, 52 AD3d 1050, 1051 [2008], *lv denied* 11 NY3d 735 [2008], *cert denied* 556 US —, 129 S Ct 1613 [2009]) and did not constitute an abuse of the court's discretion (*see People v Steinberg*, 79 NY2d 673, 684-685 [1992]).

As for defendant's challenge to the legal sufficiency of the evidence, we note that, as defendant admits, he failed to make an appropriate motion at trial and, as such, this issue has not been preserved for our review (*see People v Adamek*, 69 AD3d 979, 980 [2010]; *People v Williams*, 67 AD3d 1050, 1051 [2009]). Moreover, we discern no reason to exercise our interest of justice jurisdiction (*see People v Hilliard*, 49 AD3d 910, 912 [2008], *lv denied* 10 NY3d 959 [2008]).

Defendant also claims that his conviction for burglary in the second degree was not supported by the weight of the credible evidence introduced at trial. In that regard, he does not deny that after entering the premises, he proceeded to an upstairs bedroom where he stole the personal property found in the blue bag, but claims that he only formed this intent after he had entered the premises and realized that people, in fact, resided there. To obtain a conviction for burglary, the People must establish that when defendant entered the building, he did so with the intent to commit a crime therein (*see* Penal Law § 140.25 [2]; *People v Lewis*, 5 NY3d 546, 552 [2005]). However, the People are not required to "allege or establish what particular crime was intended" at the time of the unlawful entry (*People v Lewis*, 5 NY3d at 552). Defendant's intent as he entered the building may be inferred by the way he gained entry, his conduct after he was inside the premises and any statements that he subsequently made when confronted by the police (*see People v Vanbergen*, 68 AD3d 1249, 1250 [2009]; *People v Caston*, 60 AD3d 1147, 1149 [2009]; *People v Ostrander*, 46 AD3d 1217, 1218 [2007]).

In that regard, defendant testified that he routinely collected used bottles and cans to be redeemed for their deposit and that it was his practice to approach a home, knock on the front door and ask the occupants for any used bottles and cans that they had in their possession. Here, defendant acknowledged that he never approached the front door of the premises or sought to inquire of the building's occupants if they had any empty bottles or cans. Instead, he crawled through the side window to gain entry to the building without first making an effort to determine if it was occupied, and he admits that, as he looked through the

window, he saw furniture in the room, including a coffee table and a couch that he pushed to the side while in the process of making his entry. Also, the blue bag that defendant was carrying when arrested did not belong to any of the building's occupants and, despite his contention to the contrary, appears to have been in his possession before he gained entry. Therefore, having evaluated the evidence in a neutral light while according due deference to the jury's credibility determinations (*see People v Hampton*, 64 AD3d 872, 874 [2009], *lv denied* 13 NY3d 796 [2009]; *People v Higgins*, 57 AD3d 1315, 1317 [2008], *lv denied* 12 NY3d 817 [2009]), we find that the verdict was not contrary to the weight of the evidence (*see People v Brisson*, 68 AD3d 1544, 1546 [2009]; *People v Caston*, 60 AD3d at 1149).

Cardona, P.J., Peters, Rose and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

