(March 11, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE MORRISON, Also Known as BIG HOMIE, Appellant. [896 NYS2d 253]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 11, 2008 in Albany County, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and escape in the second degree.

In June 2007, defendant and DeShaun McWilliams entered a convenience store located in the City of Albany, wherein McWilliams physically assaulted two female teenagers. Jerry Cooley

and Deontint Davis then arrived on the scene and Cooley and McWilliams engaged in an altercation. The following day, defendant told Tavarus Blackwell and Siheen Drayton that he intended to retaliate for McWilliams's injuries. Defendant then obtained a .22 caliber rifle from Drayton and proceeded with Drayton and Blackwell to a house at which Davis and Cooley had been located. They observed Cooley and Davis sitting on the porch and, from a hiding spot in a building next door, defendant fired the rifle several times, hitting Cooley in the leg and Davis in the head.

Defendant was arrested the next day and, after escaping police custody and being recaptured, he was charged with attempted murder in the second degree, assault in the first degree, assault in the second degree and escape in the second degree. Following a jury trial, defendant was convicted of attempted murder in the second degree and escape in the second degree. Defendant was thereafter sentenced to an aggregate prison term of 26¹/₃ to 29 years. He appeals.

Initially, defendant's general motions to dismiss at trial were insufficient to preserve for review his contention that the verdict convicting him of attempted murder in the second degree is not supported by legally sufficient evidence (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Mann*, 63 AD3d 1372, 1373 [2009], *lv denied* 13 NY3d 861 [2009]). Nevertheless, we must consider the sufficiency of evidence as to each element of that crime as part of our weight of the evidence review (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Mann*, 63 AD3d at 1373). In that regard, both Blackwell and Drayton testified at trial that, prior to the incident in question, defendant unequivocally expressed his intention to kill the victims, and Drayton testified that he gave the rifle to defendant. Drayton testified that defendant was wearing a brown hooded sweatshirt on the day of the shooting, a witness who heard the rifle shots observed two individuals—one wearing a brown or maroon hooded sweatshirt and carrying a rifle—flee the area, and defendant's half sister testified that defendant appeared later that day at her mother's apartment wearing a brown hooded sweatshirt. According to Blackwell, after the shooting, defendant stated that he had "put that work in," which, according to Blackwell and Drayton, was slang for killing someone. The only evidence that defendant offered in his defense was the uncorroborated testimony of a former girlfriend, who said that defendant was with her later that night, after the shooting. Although defendant claims that the verdict acquitting him of the assault charges indicates that the jury rejected Drayton's testimony that de-

fendant was the shooter, we note that the jury did not have to accept all of Drayton's testimony and was free to reject portions of it or to give it little weight. However, given that a different verdict would not have been unreasonable, viewing the evidence in a neutral light, and having weighed the conflicting testimony and inferences to be drawn therefrom (*see People v Danielson*, 9 NY3d at 348; *People v O'Neil*, 66 AD3d 1131, 1132 [2009]), we find that the jury was justified in finding that defendant intended to commit the crime of murder and engaged in conduct which tended to effect the commission of that crime (*see* Penal Law §§ 110.00, 125.25 [1]).

Next, the verdict convicting defendant of attempted murder in the second degree is not repugnant to the verdict acquitting him of assault in the first degree. Although the verdicts may seem "illogical when viewed in light of the proof adduced" (*People v Tucker*, 55 NY2d 1, 6 [1981]), because the elements of each crime as charged to the jury were not identical, "the fact that the jury acquitted on the assault charge but convicted on the attempted murder charge does not render the verdict repugnant" (*People v Dominique*, 36 AD3d 624, 625 [2007]; *see People v Carter*, 60 AD3d 1103, 1105-1106 [2009], *lv denied* 12 NY3d 924 [2009]).

Finally, we do not find the aggregate sentence imposed to be harsh and excessive. Nor do we discern an abuse of discretion or the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice. Contrary to defendant's contention, the fact that a codefendant received a lesser sentence as a result of a plea agreement and in exchange for his cooperation in testifying against defendant is of no moment (*see People v Manley*, 70 AD3d 1125, 1125 [2010]). Defendant's remaining claim regarding CPL 200.60 has been considered and, under the facts of this case, found to be unpersuasive.

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.