12-0584-pr(L)
*Howell, et al. v. Superintendent, Fishkill Correctional Institution*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DONALD HOWELL, DAVID HOWELL,

> *Petitioners-Appellants*,

|                        |   |                         |
|------------------------|---|-------------------------|
| -v.-                   |   | Nos. 12-0584-pr(L),     |
|                        |   | 12-0891-pr(CON)         |

SUPERINTENDENT, FISHKILL CORRECTIONAL INSTITUTION,

> *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONERS-APPELLANTS:**    JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

**FOR RESPONDENT-APPELLEE:**    VICTOR BARALL, Assistant District Attorney (Leonard Joblove, Assistant District Attorney, *on the brief*), *for* Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*), entered January 10, 2012.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment of the District Court, entered January 10, 2012, be **AFFIRMED**.

Petitioners, the brothers Donald and David Howell, appeal the judgment of the District court denying their respective petitions for writs of habeas corpus. They contend that they were convicted of manslaughter in state court in violation of their Sixth Amendment rights to be confronted with the witnesses against them and to have the effective assistance of counsel. We assume familiarity with the underlying facts and procedural history of this case.

In 2004, after a trial by jury in New York Supreme Court, Kings County, Donald Howell was convicted of manslaughter and David Howell of murder. According to the facts put on at trial, early in the morning of December 24, 2002, Tyrone Dortch was walking down the street with his girlfriend, when he stopped to tie his shoes, leaned against the Howells' car, and set off the car alarm. The Howells came out of their apartment and shot Dortch with a shotgun. Donald's conviction was affirmed on appeal by the Appellate Division, Second Department, though David's conviction was reduced to manslaughter. Notably, the Second Department rejected, on the basis that they had failed to make an appropriate objection before the trial court, both David's and Donald's claims that they had been denied their Sixth Amendment confrontation rights when the trial court permitted an officer to testify as to an identification made by Dortch's girlfriend at the scene of the crime. Leave to appeal was denied by the New York Court of Appeals. The Howells then moved in state court, pursuant to New York's Criminal Procedure Law § 440.10,[1] to vacate their sentences on the ground that their respective attorneys provided constitutionally ineffective assistance. That relief was denied.

The Howells next brought petitions for writs of habeas corpus in the District Court, pursuant to 28 U.S.C. § 2254,[2] arguing both that their rights under the Confrontation Clause were violated and that they received constitutionally ineffective assistance of counsel. The District Court held (1) that their Confrontation Clause claims were procedurally barred; and (2) that their ineffective assistance of counsel claims failed on the merits. The Howells now appeal, and we review *de novo* a district court's ruling on a petition for a writ of habeas corpus, *Corby v. Artus*, 699 F.3d 159, 166 (2d Cir. 2012).

---

[1] Pursuant to Criminal Procedure Law § 440.10(1)(h), "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States."

[2] Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

## A. Confrontation Clause

We "'will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment,'" *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)), lest we risk "ignor[ing] the State's legitimate reasons for holding the prisoner," *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The Second Department refused to consider the Howells' Confrontation Clause claims on direct appeal due to their failure to raise the issue before the trial court, in violation of New York's so-called contemporaneous objection rule. Under the contemporaneous objection rule, a party fails to preserve an issue for appeal if he or she does not "object to what he or she believes is a legal error in a trial court's ruling or instruction 'at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.'" *Gutierrez v. Smith*, 702 F.3d 103, 110 (2d Cir. 2012) (quoting N.Y. Crim. Proc. Law § 470.05(2)).[3]

The District Court held that the Second Department's reliance on the contemporaneous objection rule constitutes an independent and adequate state-law ground to support the judgments at issue here. Substantially for the reasons stated in the District Court's clear and comprehensive Memorandum Decision and Order of January 9, 2012, we agree. The Howells argue that the contemporaneous objection rule is not an adequate state-law ground here because (1) the rule is not "firmly established and regularly followed," *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011), when defendants who failed to raise a Confrontation Clause claim at a trial that occurred before the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36, 68 (2004),[4] seek to raise a claim under *Crawford* on appeal; and (2) the procedural bar was removed when the state court reached the merits of the Confrontation Clause claim in addressing the motions under Criminal Procedure Law

---

[3] In full, New York's contemporaneous objection rule provides:

For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in reponse [sic] to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

N.Y. Crim. Proc. L. § 470.05(2).

[4] In *Crawford*, the Supreme Court abandoned the longstanding rule that the Confrontation Clause did not prevent the admission of an unavailable witness's out-of-court statements, so long as they fell "within a firmly rooted hearsay exception" or could be supported by "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980). Instead, the Supreme Court held that "[w]here testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 68.

§ 440.10, *see Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.").

Neither contention is convincing. First, as the District Court aptly explained, New York courts do regularly refuse to consider Confrontation Clause claims brought on appeal after *Crawford* where the defendant failed to raise a Confrontation Clause challenge contemporaneously at his pre-*Crawford* trial. *See* Special App'x 6-7; *see also, e.g.*, *People v. Drummond*, 824 N.Y.S.2d 126, 126 (2d Dep't 2006); *People v. Lopez*, 808 N.Y.S.2d 648, 649 (1st Dep't 2006). That the Howells have identified a lone case from one Department of the Appellate Division (the Third Department) deviating from this rule does not undermine the conclusion that the rule is firmly established and regularly followed. *See Downs*, 657 F.3d at 103 (explaining that "some variation" in the application of the contemporaneous objection rule does not mean that it is not firmly established or regularly followed).

Second, we agree with the District Court that, in ruling on the § 440.10 motions, the state court did not reach the merits of the Confrontation Clause claim. Rather, the § 440.10 court merely explained that it did not believe that the Howells' trial attorneys were deficient for not raising a Confrontation Clause claim because such a claim was unlikely to succeed. *See* Special App'x 10; Joint App'x 394. We fail to see how this statement has anything to do with whether the state court denied the Confrontation Clause claims on the basis of an independent and adequate state-law ground. If the § 440.10 court had found some merit to the Howells' Confrontation Clause claims, it is conceivable that the court would have vacated their convictions because their trial attorneys were constitutionally ineffective for failing to raise an objection at trial based on the Confrontation Clause. But the court would certainly not have vacated the Howells' convictions based on violations of their Confrontation Clause rights, which were not the subject of the § 440.10 proceedings. There is no ambiguity that the Second Department denied the Confrontation Clause claims based on the Howells' failure to make a timely objection before the trial court. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989). Whether the Howells' attorneys were ineffective for failing to lodge that objection is a distinct question, and it was only on that issue that the state court rendered a decision on the merits.

Finally, the Howells argue that their failure to raise the *Crawford* objection at trial should be excused because they have shown cause and prejudice. *See, e.g.*, *Walker*, 131 S. Ct. at 1127 (explaining that an independent and adequate procedural ground will preclude habeas relief "absent showings of 'cause' and 'prejudice'"). We need not decide whether the fact that *Crawford* was decided only after the Howell's trial satisfies the cause requirement. *See, e.g.*, *Reed v. Ross*, 468 U.S. 1, 17 (1984) (explaining that when the Supreme Court "explicitly overrule[s] one of [its] precedents" after a defendant's trial, the defense attorney's failure to urge the state court to adopt the new constitutional rule is generally "sufficiently excusable to satisfy the cause requirement"). Even assuming it were

sufficient, the Howells have failed to demonstrate prejudice by showing "a reasonable probability that the result of the trial would have been different" if the identification had been excluded. *Strickler v. Greene*, 527 U.S. 263, 289 (1999) (citation and internal quotation marks omitted). Although the prosecution mentioned the identification of the Howells once in its summation, it primarily relied on other, overwhelming evidence of their guilt: The Howells matched the description of the shooters; the victim bumped into their car; the victim's girlfriend identified the house the shooters entered; the Howells were found, minutes after the shooting, inside that house; and ammunition, including a spent shotgun shell, and a shotgun barrel were found inside the house. The identification was merely cumulative of this other evidence. Thus, its admission at trial, even if erroneous—a question we do not answer, did not result in prejudice.

In sum, the District Court properly refused to consider the Confrontation Clause claims on the basis of an adequate and independent state-law ground supporting the state court's decision to deny their claims.

## B. Ineffective Assistance of Counsel

Although we review a district court's ruling on a petition for a writ of habeas corpus *de novo*, *Corby*, 699 F.3d at 166, when a state court has already ruled on the merits of a claim raised in a habeas petition, we do not proceed *de novo*. Instead, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim [either] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As the Supreme Court has explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citation and internal quotation marks omitted). Further, in considering habeas petitions bringing ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), "[w]e take a highly deferential look at counsel's performance, through the deferential lens of § 2254(d)." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (citations and internal quotation marks omitted).

The state court considered, and rejected, the ineffective assistance of counsel claims on review of the § 440.10 motions, and we therefore follow this "doubly deferential" standard. *Id.* (citation and internal quotation marks omitted). The District Court explained clearly and thoroughly why the ineffective assistance claims fail, and we agree substantially for the same reasons. *See* Special App'x 13-23. Although the claim that David Howell's trial counsel provided ineffective assistance by

failing to pursue the subpoena for records relating to the whereabouts of his firearms is not without force, given the highly deferential standard that governs here, we do not think that the state court unreasonably applied federal law, as would be required to prevail under 28 U.S.C. § 2254.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered January 10, 2012.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court