People v Augustin (2025 NY Slip Op 00353)

People v Augustin

2025 NY Slip Op 00353

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

113462
[*1]The People of the State of New York, Respondent,
v
Stephon R. Augustin, Appellant.

Calendar Date:January 3, 2025

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Thomas L. Pelych, Hornell, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

Appeal from a judgment of the County Court of Tioga County (Gerald Keene, J.), rendered January 3, 2022, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree (two counts) and grand larceny in the fourth degree (two counts).
Defendant was charged in an indictment with two counts of robbery in the second degree and two counts of grand larceny in the fourth degree, stemming from a robbery of a Dollar Store during which he struck a store clerk in the face. Defendant pleaded guilty as charged and, consistent with the plea agreement, County Court sentenced him to concurrent prison terms of seven years, to be followed by five years of postrelease supervision, on the convictions of robbery in the second degree, and to lesser concurrent sentences on the other convictions. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that his sentence is harsh and excessive due to his mental health and substance abuse issues, as well as his limited criminal history. Given, however, the serious nature of his criminal conduct and the fact that the agreed-upon sentence imposed was significantly less than the maximum allowable, upon due consideration of all of the mitigating and aggravating factors, we do not find that the sentence was unduly harsh or severe, and we decline to take corrective action to modify the sentence in the interest of justice (see CPL 470.15 [6] [b]; People v Vazquez, 222 AD3d 1104, 1105-1106 [3d Dept 2023], lv denied 41 NY3d 944 [2024]). Contrary to defendant's assertion, the fact that a codefendant may have received a lesser sentence does not establish that the sentence imposed on him was unduly harsh or severe (see People v Foli, 145 AD3d 1322, 1323 [3d Dept 2016], lv denied 29 NY3d 1031 [2017]; People v Morrison, 71 AD3d 1228, 1230 [3d Dept 2010], lv denied 15 NY3d 754 [2010]).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.